1  Richard H. Klapper (*pro hac vice* forthcoming)
   (klapperr@sullcrom.com)
2  SULLIVAN & CROMWELL LLP
   125 Broad Street
3  New York, New York 10004-2498
   Telephone:     (212) 558-3555
4  Facsimile:     (212) 291-9083

5  Brendan P. Cullen (SBN 194057)
   (cullenb@sullcrom.com)
6  SULLIVAN & CROMWELL LLP
   1870 Embarcadero Road
7  Palo Alto, California 94303
   Telephone:     (650) 461-5600
8  Facsimile:     (650) 461-5700

9  Christopher M. Viapiano (*pro hac vice* forthcoming)
   (viapianoc@sullcrom.com)
10 SULLIVAN & CROMWELL LLP
   1700 New York Avenue, N.W., Suite 700
11 Washington, D.C. 20006
   Telephone:     (202) 956-6985
12 Facsimile:     (202) 956-7056

13 Gilbert R. Serota (SBN 75305)
   (gilbert.serota@apks.com)
14 ARNOLD & PORTER KAYE SCHOLER LLP
   Three Embarcadero Center
15 San Francisco, California 94111
   Telephone:     (415) 471-3170
16 Facsimile:     (415) 471-3400

17 *Counsel for Nominal Defendant*
   *Wells Fargo & Company*
18

19                    UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21 R. A. FEUER, derivatively on behalf of WELLS
   FARGO & COMPANY,                                  Case No. 3:18-cv-02866-JST
22                                    Plaintiff,
                                                      **NOTICE OF SETTLEMENT AND**
23               v.                                   **REQUEST FOR CONTINUANCE**

24 JOHN D. BAKER, II, et al.
                                    Defendants,
25
                 - and -
26
   WELLS FARGO & COMPANY,
27
                           Nominal Defendant.
28

1         Wells Fargo & Company previously advised the Court on January 25, 2019 that the

2   parties to *In re Wells Fargo & Company Auto Insurance Derivative Litigation*, Case No. CGC-17-

3   561118 (S.F. Super. Ct.), had reached a settlement in principle of that case.  (ECF No. 73.)  That

4   settlement (the "State Court Settlement") has been reduced to writing and, earlier today, was executed

5   by all parties.  Subject to approval by the Superior Court of California, County of San Francisco, the

6   State Court Settlement will resolve and release derivative claims brought nominally on behalf of Wells

7   Fargo concerning the same circumstances, facts, and parties as this action.  A true and correct copy of

8   the State Court Settlement (not including accompanying exhibits) is attached hereto as Exhibit A.

9   Pursuant to the State Court Settlement, a motion for preliminary approval will be filed in the San

10  Francisco Superior Court within ten calendar days of March 4, 2019.  By its terms, the State Court

11  Settlement releases all of the claims asserted by Plaintiff Feuer on behalf of Wells Fargo in this action

12  before this Court.  (*See* Exhibit A at §§ 23, 33.)  Wells Fargo expects to seek dismissal of this action on

13  *res judicata* grounds upon final approval of the settlement by the San Francisco Superior Court.

14        In order to conserve both this Court's and the parties' time and resources, Wells Fargo

15  respectfully requests that the Court continue the hearing on Wells Fargo's pending motion to dismiss

16  the Amended Complaint in this action, currently scheduled for this Thursday, March 7, 2019, at 2:00

17  p.m.  Wells Fargo will seek to stipulate with Plaintiff to stay this proceeding pending final approval of

18  the State Court Settlement.  If the parties are unable to agree to such a stipulation, Wells Fargo will

19  move this Court for a stay as soon as practicable.

20  DATED:  March 5, 2019            Respectfully submitted,

21

22                           /s/ Brendan P. Cullen

23              Richard H. Klapper (*pro hac vice* forthcoming)
                (klapperr@sullcrom.com)
                SULLIVAN & CROMWELL LLP
24              125 Broad Street
                New York, New York 10004-2498
25              Telephone:    (212) 558-3555
                Facsimile:     (212) 291-9083
26

27              Brendan P. Cullen (SBN 194057)
                (cullenb@sullcrom.com)
                SULLIVAN & CROMWELL LLP
28              1870 Embarcadero Road
                Palo Alto, California  94303-3308

1

Telephone:    (650) 461-5600
Facsimile:     (650) 461-5700

2

3

Christopher M. Viapiano (*pro hac vice* forthcoming)
(viapianoc@sullcrom.com)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone:    (202) 956-6985
Facsimile:     (202) 956-7056

4

5

6

Gilbert R. Serota (SBN 75305)
(gilbert.serota@apks.com)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
San Francisco, California 94111
Telephone:    (415) 471-3170
Facsimile:     (415) 471-3400

7

8

9

10

*Counsel for Nominal Defendant*
*Wells Fargo & Company*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

SULLIVAN &
CROMWELL LLP

Exhibit A

JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
GINA STASSI (SBN 261263)
gstassi@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:     (650) 697-6000
Facsimile:      (650) 697-0577

*Attorneys for Derivative Plaintiff Donna Maxwell*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY AUTO INSURANCE DERIVATIVE LITIGATION | Lead Case No. CGC-17-561118 |
| | **STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT AND RELEASE** |
| This Document Relates To: ALL ACTIONS | |

I.    **INTRODUCTION**

This Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation" or the "Settlement") is made and entered into among the following Parties, by and through their respective counsel: (i) Donna Maxwell and Douglas Duran, as Trustee of the John & Irene Duran Family Trust, each of whom is a plaintiff in the above-titled Action (the "CPI Plaintiffs") and each of whom sues derivatively on behalf of Wells Fargo & Company ("Wells Fargo" or "the Company" or "the Bank"); (ii) individual defendants in this Action, including John G. Stumpf, Timothy J. Sloan, Carrie L. Tolstedt, Franklin Codel, Dawn Martin Harp, Avid Modjtabai, John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Karen B. Peetz, Federico F. Peña, James H. Quigley, Stephen W. Sanger, Ronald L. Sargent, Susan G. Swenson, and Suzanne M. Vautrinot (collectively, the "Individual Defendants"), and (iii) nominal defendant Wells Fargo (together with the Officer and Director Defendants (defined *infra*) and the CPI Plaintiffs, the "Parties").  This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined, *infra*) upon Court approval and subject to the terms and conditions hereof.

II.   **THE CPI AND RATE-LOCK DERIVATIVE ACTIONS**

A.    **Commencement of the Action**

On September 5, 2017, Donna Maxwell filed a putative shareholder derivative complaint in San Francisco County Superior Court (the "Court") against the Individual Defendants and Wells Fargo (as nominal defendant), alleging, among other things, unlawful conduct relating to automobile insurance and home lending practices at Wells Fargo, and that certain of the Individual Defendants breached their fiduciary duties to Wells Fargo in connection with these actions or omissions, and engaged in insider trading and were unjustly enriched with respect to this conduct (the "*Maxwell* Action," Case No. CGC-17-561118).

On October 18, 2017, plaintiff Douglas Duran filed a substantively identical action in San Francisco County Superior Court (the "*Duran* Action," Case No. CGC-17-561968).  On November 17, 2017, the Court entered a stipulation and order consolidating the *Maxwell* and *Duran*

1  Actions under the above-titled caption, *In re Wells Fargo & Company Auto Insurance Derivative*

2  *Litigation*, Lead Case No. CGC-17-561118 (the "Action").

3             The CPI Plaintiffs filed a consolidated amended complaint on December 11, 2017

4  (the "Consolidated Complaint").  The Consolidated Complaint named as defendants the Individual

5  Defendants, National General Insurance Company ("National General Insurance"), various Doe

6  defendants, and Wells Fargo as nominal defendant.  The Consolidated Complaint alleged breaches

7  of fiduciary duty, aiding and abetting breaches of fiduciary duty (the sole claim as to National

8  General Insurance), unjust enrichment, breach of fiduciary duty for insider selling and

9  misappropriation of information, and violations of California Corporations Code § 15402.  The

10 Consolidated Complaint and subsequent amendments thereto focus on allegations related to Wells

11 Fargo's automobile collateral protection insurance ("CPI") and home mortgage rate-lock ("Rate-

12 Lock") programs.

13          **B.      Litigation to Date**

14             On January 16, 2018, defendants in this Action demurred to the Consolidated

15 Complaint,[1] which demurrers, on May 8, 2018, the Court sustained in part with leave to amend and

16 in part without leave to amend.  On May 30, 2018, the CPI Plaintiffs filed a further amended

17 complaint (the "First Amended Consolidated Complaint").  Defendants demurred again on June 29,

18 2018.[2]  On September 25, 2018, after argument on the defendants' demurrers, the Court sustained

19 these demurrers with further leave to amend.  Following additional research and with the aid of

20 certain discovery information disclosed in a putative consumer class-action litigation concerning

21 CPI, the CPI Plaintiffs filed the Second Amended Consolidated Complaint on November 23, 2018.

22             On December 20, 2018, the parties filed a stipulation and proposed scheduling order

23 postponing the filing, and briefing on, defendants' demurrers to the Second Amended Consolidated

24 Complaint pending further settlement negotiations.  The Court entered this stipulation on December

25 21, 2018, and has set a case management conference for February 21, 2019.

26

27 ────────────────────
   [1]      Dawn Martin Harp filed her demurrer on January 22, 2018, and Franklin Codel filed a joinder to
   Wells Fargo's demurrer on January 23, 2018.

28 [2]      National General Insurance demurred soon thereafter on July 19, 2018.

C.     **Additional CPI and Sales Practices Shareholder Derivative Actions**

Although the Court previously found that the subject matter of this lawsuit is not related to the subject matter of the lawsuits alleging Improper Sales Practices (as defined below), the Parties are aware of three additional shareholder derivative actions in which the plaintiffs nonetheless include both allegations concerning, *inter alia*, breaches of fiduciary duty by certain officers and directors of Wells Fargo based upon alleged failures and/or errors in the placement of CPI coverage, as well as allegations concerning alleged Improper Sales Practices:

*Feuer* **Action.**  More than nine months after commencement of the Action, on May 16, 2018, plaintiff R.A. Feuer filed a putative shareholder derivative complaint in the United States District Court for the Northern District of California that is captioned *Feuer* v. *Baker et al.*, No. 3:18-cv-02866 (N.D. Cal.) (the "*Feuer* Action").  Plaintiff in the *Feuer* Action filed an amended complaint on June 20, 2018.  (*Feuer* Dkt. No. 19.)  The operative claims asserted in the *Feuer* Action concern the same CPI conduct as alleged in the Action, but do not include the Rate-Lock or other home lending allegations in the Action.  The *Feuer* complaint also contains extensive allegations concerning the unauthorized opening of customer accounts (referred to as "Improper Sales Practices").  The amended *Feuer* complaint names John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Donald M. James, James H. Quigley, Federico F. Peña, Suzanne M. Vautrinot, Enrique Hernandez, Jr., Celeste A. Clark, Theodore F. Craver, Maria M. Morris, Karen B. Peetz, Juan A. Pujadas, Ronald L. Sargent, Stephen W. Sanger, John G. Stumpf, Timothy J. Sloan, Susan G. Swenson, Carrie L. Tolstedt, John R. Shrewsberry, Michael J. Loughlin, Cynthia H. Milligan, Elaine L. Chao, Susan E. Engel, Judith M. Runstad, Franklin Codel, Dawn Martin Harp, Avid Modjtabai, National General Holdings Corp., and National General Insurance as defendants, and Wells Fargo as nominal defendant.  That complaint asserts claims for breach of fiduciary duty and waste of corporate assets, breach of the duty of loyalty, breach of the duty of candor derived from the individual defendants' duties of due care and loyalty, and for aiding and abetting breaches of fiduciary duty as to the National General entities.

On September 6, 2018, plaintiff Feuer, Wells Fargo and the individual defendants named in the *Feuer* Action, together with the co-lead plaintiffs and defendants in another

-3-

1   shareholder action to which the federal court related the *Feuer* Action, *In re Wells Fargo & Co.*

2   *Shareholder Derivative Litigation*, No. 3:16-cv-05541-JST (N.D. Cal.) (the "Sales Practices Federal

3   Derivative Action"), stipulated that, despite its extensive allegations concerning Improper Sales

4   Practices, the amended *Feuer* complaint does not seek damages for alleged Improper Sales Practices.

5   (Sales Practices Federal Derivative Action Dkt. No. 251.)  On September 7, 2018, the *Feuer* Court

6   entered that proposed order.  (*Id.* at Dkt. No. 252.)  Wells Fargo and the National General defendants

7   subsequently filed separate motions to dismiss the amended *Feuer* complaint for failure to

8   adequately plead wrongful demand refusal.  (*Feuer* Dkt. Nos. 54, 55.)  Pursuant to a stipulated

9   briefing schedule, all other F.R.C.P. 12(b) motions to dismiss by any defendant, including an

10  anticipated motion concerning plaintiff Feuer's failure to adequately plead his stock holdings, will be

11  briefed and heard only after the threshold demand refusal issue is decided by the *Feuer* Court.  A

12  hearing on those limited demand-refusal motions is currently scheduled for March 7, 2019.

13          ***Himstreet* Action.**  A second complaint involving both CPI and Improper Sales

14  Practices allegations was filed in federal court, but was subsequently voluntarily dismissed without

15  prejudice.  On May 17, 2018, Plaintiff Timothy Himstreet filed a putative derivative complaint,

16  captioned *Himstreet* v. *Sloan*, 18-cv-02922-JST (N.D. Cal.) (the "*Himstreet* Action"), against

17  defendants Timothy J. Sloan, John R. Shrewsberry, Avid Modjtabai, Elizabeth A. Duke, John D.

18  Baker II, Lloyd H. Dean, Donald M. James, James H. Quigley, Suzanne M. Vautrinot, John G.

19  Stumpf, Franklin R. Codel, Dawn Martin Harp, Carrie L. Tolstedt, Stephen W. Sanger, Cynthia H.

20  Milligan, Judith M. Runstad, Susan G. Swenson, Susan E. Engel, Enrique Hernandez, Jr., John S.

21  Chen, Elaine L. Chao, and Federico F. Peña, and Wells Fargo, as nominal defendant, alleging

22  violations of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duty,

23  waste of corporate assets, and unjust enrichment.  On August 9, 2018, plaintiff Himstreet stipulated

24  to the voluntary dismissal of the *Himstreet* Action.  (*Himstreet* Dkt. No. 29.)

25          ***Connecticut Laborers* Action.**  A third putative shareholder derivative complaint

26  involving both Improper Sales Practices and CPI allegations was filed in the Delaware Court of

27  Chancery under the caption *Connecticut Laborers Pension & Annuity Funds v. Stumpf*, C.A. No.

28  2017-0380-SG (Del. Ch.) (the "*Connecticut Laborers* Action").  When initially filed on May 22,

1   2017, the *Connecticut Laborers* Action included only allegations concerning Improper Sales

2   Practices.   Plaintiffs in the *Connecticut Laborers* Action filed an amended complaint on December

3   20, 2017; the amended complaint continued to focus on Improper Sales Practices allegations, but

4   also raised certain new allegations concerning CPI.  Plaintiffs alleged that defendants breached their

5   fiduciary duties concerning both the Improper Sales Practices and CPI issues.  Defendants named in

6   the *Connecticut Laborers* Action are John G. Stumpf, Carrie Tolstedt, Timothy Sloan, John D. Baker

7   II, Elaine L. Chao, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique

8   Hernandez, Jr., Donald M. James, Mackey J. McDonald, Richard D. McCormick, Cynthia H.

9   Milligan, Nicholas G. Moore, Federico F. Peña, James H. Quigley, Philip J. Quigley, Howard V.

10  Richardson, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot,

11  and Wells Fargo, as nominal defendant.  On April 6, 2018, lead plaintiffs in the Sales Practices

12  Federal Derivative Action moved to intervene in and stay the *Connecticut Laborers* Action, and the

13  *Connecticut Laborers* plaintiffs simultaneously moved to stay their own case.  After hearing the

14  parties on June 12, 2018, the Delaware Court of Chancery entered a general stay of the *Connecticut*

15  *Laborers* Action.

16        **D.    Mediation and Settlement**

17             Beginning in October 2018 and in numerous mediated exchanges thereafter, the

18  Parties have engaged in arm's-length discussions and negotiations regarding a potential resolution of

19  the Action.  Mediation concerning the Action was conducted before the Honorable Daniel Weinstein

20  (ret.) and Mr. Jed Melnick, Esq., who also oversaw the mediation of shareholder derivative claims

21  concerning Improper Sales Practices.  The Parties' mediation efforts culminated in a mediators'

22  proposal for settlement, which consisted of certain corporate governance changes and corporate

23  reforms at Wells Fargo (the "Corporate Governance Reforms"), which are further described in

24  Exhibit A to this Stipulation, and also required the contemporaneous (but unconnected) resolution of

25  the Improper Sales Practices Derivative Actions (as defined below).  After further discussion, the

26  Parties accepted the mediators' proposal.

27

28

III.   **CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT**

The CPI Plaintiffs have thoroughly reviewed and analyzed the facts and circumstances relating to the claims asserted in the Action, including conducting arm's length discussions with counsel for the Defendants and for Wells Fargo, reviewing publicly available information, analyzing the available record (including information disclosed in other litigations), reviewing applicable case law and other authorities and consulting with retained experts.  CPI Plaintiffs brought their claims in good faith and continue to believe that their claims have legal merit.  However, CPI Plaintiffs recognize that there are legal and factual defenses to the claims asserted in the Action, which present substantial risks to the successful resolution of any litigation, especially in complex shareholder derivative litigation such as the Action.  Accordingly, in light of these risks and based on their evaluation of the claims and their substantial experience, CPI Plaintiffs and their counsel have determined that the Settlement, which confers substantial benefits upon Wells Fargo and its shareholders, is fair, reasonable and adequate, and in the best interests of the Bank and its shareholders.

IV.   **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Action and in those additional shareholder derivative litigations described in Section II.C. of this Stipulation (collectively, the "CPI Derivative Actions").  The Defendants expressly have denied and continue to deny all allegations of wrongdoing or liability against them or any of them arising out of, based upon or related to any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the CPI Derivative Actions, and contend that many of the factual allegations in the CPI Derivative Actions are untrue and materially inaccurate.  The Defendants have further asserted and continue to assert that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of Wells Fargo and its shareholders.

Nonetheless, the Defendants also have taken into account the expense, uncertainty and risks inherent in any litigation, especially in complex cases like the Action.  Therefore, the Defendants have determined that it is desirable and beneficial that this Action and all of the claims

and allegations asserted therein, and all of the Parties' disputes related thereto, be fully and finally

settled in the manner and upon the terms and conditions set forth in this Stipulation. Pursuant to the

terms set forth below, this Stipulation (including all of the Exhibits hereto) shall in no event be

construed as or deemed to be evidence of an admission or concession by the Defendants with respect

to any claim of fault, liability, wrongdoing, or damage whatsoever.

**V.     TERMS OF STIPULATION AND AGREEMENT OF SETTTLEMENT**

   **NOW THEREFORE, IT IS STIPULATED AND AGREED,** subject to approval

by the Court, by and among CPI Plaintiffs (for themselves and derivatively on behalf of Wells

Fargo), by and through their attorneys of record, the Defendants, by and through their respective

attorneys of record, and Wells Fargo, by and through its attorneys of record, that in exchange for the

consideration set forth below, the Released Claims (as defined below) shall be and hereby are fully,

finally and forever compromised, settled, released and discontinued, and that the Action shall be

dismissed with prejudice as to the Defendants, upon and subject to the terms and conditions of this

Stipulation, as follows.

**A.     DEFINITIONS**

   In addition to the terms defined herein, as used in this Stipulation and any Exhibits

attached hereto and made a part hereof, the following terms shall have the following meanings:

1.     "Action" means IN RE WELLS FARGO & COMPANY AUTO INSURANCE

DERIVATIVE LITIGATION, Lead Case No. CGC-17-561118 (Superior Court for the County of

San Francisco, State of California).

2.     "Corporate Governance Reforms" means the corporate actions agreed upon and

undertaken, or in the process of being undertaken, by Wells Fargo to address Improper CPI Practices

(in whole or in part) including, but not limited to, discontinuing automobile CPI products and

agreeing not to re-engage in that business without first thoroughly reviewing related policies and

procedures with an outside consultant, amending certain corporate charters and bylaws, increasing

oversight and monitoring of business units, leadership changes, the creation of certain new positions,

payments to impacted customers, and the increased reporting from business units as detailed in

Exhibit A.

3.      "CPI Plaintiffs" means Donna Maxwell and Douglas Duran, as trustee of the John & Irene Duran Family Trust.

4.      "CPI Plaintiffs' Counsel" means Cotchett, Pitre & McCarthy, LLP, Bottini & Bottini, Inc., and William H. Parish, PC.

5.      "CPI Derivative Actions" means the several actions titled (1) *In re Wells Fargo & Company Auto Insurance Derivative Litigation*, Lead Case No. CGC-17-561118 (S.F. Super. Ct.); (2) *Feuer v. Baker et al.*, Case No. 3:18-cv-02866 (JST) (N.D. Cal.); (3) *Himstreet v. Sloan*, 18-cv-02922-JST (N.D. Cal.); and (4) *Connecticut Laborers Pension & Annuity Funds v. Stumpf*, C.A. No. 2017-0380-SG (Del. Ch.).

6.      "Defendants" means, collectively, the Officer Defendants, the Director Defendants, National General Insurance, and Wells Fargo, as nominal defendant.

7.      "Director Defendants" means, collectively, John D. Baker II, Elaine L. Chao, John S. Chen, Celeste A. Clark, Theodore F. Craver, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Mackey J. McDonald, Richard D. McCormick, Cynthia H. Milligan, Nicholas G. Moore, Maria R. Morris, Karen B. Peetz, Federico F. Peña, Juan A. Pujadas, James H. Quigley, Philip J. Quigley, Howard V. Richardson, Judith M. Runstad, Stephen W. Sanger, Ronald L. Sargent, Susan G. Swenson, and Suzanne M. Vautrinot.

8.      "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 37 of this Stipulation have been met and have occurred.

9.      "Final Date" means the date, following the Court's Final Judgment and Order of Dismissal, on which the Final Judgment and Order of Dismissal is final and no longer subject to appeal or further review, whether as a result of affirmance on or exhaustion of any possible appeal or review, lapse of time or otherwise, provided, however, and notwithstanding any provision to the contrary in this Stipulation, the Final Date shall not include, and the Settlement is expressly not conditioned upon, the approval of any Fee Application or Reimbursement Award or any appeal or further review related thereto.

10.     "Final Judgment and Order of Dismissal" means an order entered by the Court, substantially in the form attached hereto as Exhibit E, finally approving the Settlement and

1  dismissing the Action with prejudice on the merits and without costs to any party (except as

2  provided in Paragraph 32 below).

3       11.    "Improper CPI Practices" means the incorrect, forced or errant placement of collateral

4  protection insurance ("CPI") for Wells Fargo automobile loan borrowers and any related effects or

5  impacts of such actions, including without limitation any improper practice alleged in any of the CPI

6  Derivative Actions.

7       12.    "Improper Sales Practices Derivative Actions" means *In re Wells Fargo & Co.*

8  *Shareholder Derivative Litigation*, No. 3:16-cv-05541-JST (N.D. Cal.); *Hannon v. Loughlin*, No.

9  3:17-cv-07236-JST (N.D. Cal.); *In re Wells Fargo & Co. Derivative Litigation*, No. CGC 16-554407

10  (S.F. Super.); *Gordon v. Baker*, No. CGC 16-554578 (S.F. Super.) & C.A. No. 12877-VCG (Del.

11  Ch.); *Mass. Laborers' Pension Fund v. Wells Fargo & Co.*, C.A. No. 12997-VCG (Del. Ch.);

12  *Rosenfeld v. Stumpf*, C.A. No. 2017-0383 (Del. Ch.); *Connecticut Laborers Pension & Annuity*

13  *Funds v. Stumpf*, C.A. No. 2017-0380-SG (Del. Ch.) (to the extent it alleges claims based on

14  Improper Sales Practices); and *Herron v. Stumpf*, 18-civ-00466 (San Mateo Super.).

15       13.    "Insurance Agreement" means the agreement by and among (i) Wells Fargo, (ii)

16  certain current and former officers and directors of Wells Fargo, and (iii) the Insurers.

17       14.    "Insurers" means those certain insurance companies, identified in the Insurance

18  Agreement, who issued certain directors and officers liability ("D&O") insurance for the benefit of

19  certain current and former officers and directors of Wells Fargo (the "D&O Policies").

20       15.    "National General" means National General Insurance Company and all Persons who

21  are Related Parties to National General Insurance Company.

22       16.    "Notice" means the Notice of Settlement of Shareholder Derivative Litigation and

23  Hearing, substantially in the form attached hereto as Exhibit C.

24       17.    "Notice Costs" means the costs and expenses incurred in providing notice of the

25  Settlement to Wells Fargo shareholders.

26       18.    "Officer Defendants" means, collectively, John G. Stumpf, Timothy J. Sloan, Carrie

27  L. Tolstedt, John R. Shrewsberry, Michael J. Loughlin, Franklin Codel, Dawn Martin Harp, and

28  Avid Modjtabai.

1      19.    "Person" means any individual, corporation, professional corporation, limited-

2  liability company, partnership, limited partnership, limited-liability partnership, association, joint

3  stock company, estate, legal representative, trust, unincorporated association, government or any

4  political subdivision or agency thereof, and any business or legal entity and their spouses, heirs,

5  predecessors, successors, representatives or assignees.

6      20.    "Preliminary Approval Order" means an order entered by the Court, substantially in

7  the form attached hereto as Exhibit B, setting forth the date for a Settlement Hearing on the proposed

8  Settlement, directing notice thereof and preliminarily determining, for purposes of the Settlement

9  only, that the Action is properly maintained as a shareholder derivative action on behalf of Wells

10  Fargo.

11      21.    "Reimbursement Awards" means any amounts awarded by the Court to the CPI

12  Plaintiffs for reimbursement of their time and costs relating to their prosecution of the Action.

13      22.    "Related Parties" means (i) as to Wells Fargo and National General, each of its past

14  or present directors and officers, employees, partners, agents, attorneys, personal or legal

15  representatives, consultants, experts, predecessors, successors, parent companies or organizations,

16  subsidiaries, affiliates, divisions, joint ventures, assigns, general or limited partners or partnerships,

17  limited liability companies, any entity in which Wells Fargo or National General has a controlling

18  interest, and all past or present officers, directors and employees of Wells Fargo's current and former

19  subsidiaries and affiliates, and all past or present officers, directors and employees of National

20  General's current and former parents, subsidiaries and affiliates, the foregoing to include any Person

21  insured under the D&O Policies; (ii) as to the Director and Officer Defendants (1) each spouse,

22  immediate family member, heir, executor, estate, administrator, agent, attorney, accountant, auditor,

23  bank, insurer (including the Insurers), co-insurer, re-insurer, advisor, consultant, expert, or affiliate

24  of any of them, (2) any trust in respect of which any Director or Officer Defendant, or any spouse or

25  family member thereof serves as a settlor, beneficiary or trustee, and (3) any entity in which a

26  Director or Officer Defendant, or any spouse or immediate family member thereof, holds a

27  controlling interest or for which a Director or Officer Defendant has served as an employee, director,

28  officer, managing director, advisor, general partner, limited partner, or member and any collective

1  investment vehicle which is advised or managed by any of them; provided, however, that the

2  releases set forth in this Stipulation shall in no event release any claims in connection with the D&O

3  Policies or reinsurance of D&O coverage that the Director or Officer Defendants or Wells Fargo

4  may have against any of the Insurers, except as set forth in the Insurance Agreement.

5      23.     "Released Claims" means any and all manner of claims, demands, rights, liabilities,

6  losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees,

7  attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees,

8  matters, issues and controversies of any kind, nature or description whatsoever, whether known or

9  unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or

10  unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or

11  contingent, including Unknown Claims, whether based on state, local, foreign, federal, statutory,

12  regulatory, common or other law or rule, brought or that could be brought derivatively or otherwise

13  by or on behalf of Wells Fargo against any of the Released Parties, which now or hereafter are based

14  upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions,

15  transactions, occurrences, statements, representations, misrepresentations, omissions, allegations,

16  facts, practices, events, claims or any other matters, things or causes whatsoever, or any series

17  thereof, that are, were, could have been, or in the future can or might be alleged, asserted, set forth,

18  claimed, embraced, involved or referred to in the CPI Derivative Actions and relate to, directly or

19  indirectly, the subject matter of the CPI Derivative Actions in any court, tribunal, forum or

20  proceeding, including, without limitation, any and all claims by or on behalf of Wells Fargo which

21  are based upon, arise out of, relate in any way to, or involve, directly or indirectly: (i) Improper CPI

22  Practices; or (ii) any of the allegations in any complaint or amendment(s) thereto filed in any CPI

23  Derivative Action, or any action related to or consolidated into the CPI Derivative Actions,

24  including, but not limited to, all alleged failures to comply with legal requirements, all alleged

25  failures to comply with the Servicemembers Civil Relief Act, and all allegations concerning

26  automobile Guaranteed Asset Protection programs or Rate-Lock and mortgage lending practices.

27  "Released Claims" does not include (1) claims to enforce this Settlement; (2) any direct claims on

28  behalf of present or former Wells Fargo shareholders (*i.e.*, not derivative claims) that are being

1   prosecuted in a securities action; (3) any and all claims that Wells Fargo may have against National

2   General concerning Improper CPI Practices that are not derivative in nature and do not relate to the

3   allegations in the CPI Derivative Actions that National General aided and abetted the breach of

4   fiduciary duties by directors and officers of Wells Fargo; and (4) any claims in connection with the

5   D&O Policies or reinsurance of D&O coverage that the Director or Officer Defendants or Wells

6   Fargo may have against any of the Insurers, except as set forth in the Insurance Agreement.

7          24.     "Released Parties" means (i) the Director Defendants; (ii) the Officer Defendants;

8   (iii) National General, solely as it concerns the allegations of "aiding and abetting" against National

9   General as alleged in the respective complaints in the CPI Derivative Actions; (iv) Wells Fargo, as

10  the nominal defendant; and (v) the Related Parties, subject to the same limitation with regard to any

11  Person affiliated with National General noted in (iii) above..

12         25.     "Releases" means the releases set forth in Paragraphs 33 and 34 below; provided,

13  however, that the releases set forth in this Stipulation shall in no event release any claims in

14  connection with the D&O Policies that the Director or Officer Defendants or Wells Fargo may have

15  against any of the Insurers, except as set forth in the Insurance Agreement.

16         26.     "Settlement Hearing" means the hearing at which the Court will review the adequacy,

17  fairness and reasonableness of the Settlement, CPI Plaintiffs' Counsel's application for an award of

18  attorneys' fees and expenses (the "Fee Application"), the CPI Plaintiffs' application for

19  reimbursement of their time and costs relating to their prosecution of the Action (the

20  "Reimbursement Awards"), and determine whether to issue the Final Judgment and Order of

21  Dismissal.

22         27.     "Stipulation" means this Stipulation and Agreement of Settlement dated March 4,

23  2019.

24         28.     "Summary Notice" means the Notice of Settlement of Shareholder Derivative

25  Litigation, substantially in the form attached hereto as Exhibit D.

26         29.     "Unknown Claims" means any Released Claims which CPI Plaintiffs, Wells Fargo,

27  or any of the current Wells Fargo shareholders do not know or suspect exist in his, her or its favor at

28  the time of the release of the Released Claims as against the Released Parties, including without

limitation those which, if known, might have affected the decision to enter into or object to the Settlement.  With respect to any and all Released Claims, and although the Settlement provides for a specific release of the Released Parties, the Parties stipulate and agree that, upon the Effective Date the CPI Plaintiffs, Wells Fargo, and each of the current Wells Fargo shareholders shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> *A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.*

The CPI Plaintiffs, Wells Fargo, and each of the current Wells Fargo shareholders shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, waived any and all provisions, rights and benefits conferred by any law of any jurisdiction, state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Any of the CPI Plaintiffs, Wells Fargo, or the current Wells Fargo shareholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims but, upon the Court's entry of the Final Judgment and Order of Dismissal, the CPI Plaintiffs, Wells Fargo, and each of the current Wells Fargo shareholders shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released any and all Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties shall be deemed by operation of the Final Judgment and Order of Dismissal to have acknowledged that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

1

## B.   PRELIMINARY APPROVAL, NOTICE ORDER, AND SETTLEMENT HEARING

2

3   30.   Within ten calendar days of the execution of this Stipulation by all of the Parties, the

4   Parties shall jointly submit this Stipulation, together with its related documents, to the Court and

5   request entry of the Preliminary Approval Order, substantially in the form of Exhibit B attached

6   hereto, requesting, *inter alia*, (a) the preliminary approval of the Settlement set forth herein; (b)

7   approval for the publication of the Notice and Summary Notice, substantially in the forms of

8   Exhibits C and D; (c) setting a date for the Settlement Hearing; (d) setting dates for the receipt of

9   objections and the filing of final approval papers; (e) staying all proceedings in the Action except as

10   may be necessary to implement the Settlement; and (f) granting such other and further relief as the

11   Court deems just and proper.

12   31.   Notice of the proposed Settlement shall be provided to Wells Fargo shareholders in

13   the following manner (or in such other manner as directed by the Court): (i) Wells Fargo's

14   publishing the Summary Notice, substantially in the form of Exhibit D hereto, as a quarter-page

15   advertisement in the San Francisco Chronicle, the Los Angeles Times and the Investor Business

16   Daily; (ii) CPI Plaintiffs' Counsel's publishing the same notice via a national wire service; (iii)

17   Wells Fargo's publication of a Current Report on Form 8-K with the Securities and Exchange

18   Commission; and (iv) Wells Fargo's causing the Stipulation and the Notice, substantially in the form

19   of Exhibit C hereto, to be made electronically available on an Internet page created by Wells Fargo

20   that will be accessible via a link on the "Investor Relations" page of http://www.wellsfargo.com, the

21   address of which shall be contained in the Notice and Summary Notice, and sending the Notice by

22   U.S. Mail to persons who request such Notice by calling a hotline number to be identified in the

23   Summary Notice; and (v) CPI Plaintiffs' Counsel's causing the Stipulation and Notice, substantially

24   in the form of Exhibit C hereto, to be made electronically available at a website to be identified in

25   the Summary Notice created specifically for the purpose of disseminating notice.

26   32.   Wells Fargo shall bear all Notice Costs related to promulgating notice in the manner

27   set forth in Paragraph 31(i), (iii), and (iv), and CPI Plaintiffs' Counsel shall bear the costs and

28   expenses related to promulgating notice in the manner set forth in Paragraph 31(ii) and (v).

## C.   <u>RELEASES</u>

33.     As of the Final Date, CPI Plaintiffs, Wells Fargo (on behalf of itself and each of its Related Parties) and by operation of law Wells Fargo's shareholders shall and hereby do completely, fully, finally and forever release, relinquish, settle, and discharge each and all of the Released Parties from and with respect to any and all of the Released Claims (including the Unknown Claims), and will be forever barred and enjoined from commencing, instituting or prosecuting any action or proceeding, in any forum, asserting any of the Released Claims against any of the Released Parties; *provided, however*, that Wells Fargo releases National General only to the extent of the claims asserted against National General in the CPI Derivative Actions (*i.e.*, aiding and abetting the alleged breaches of fiduciary duties by certain directors and officers of Wells Fargo) and Wells Fargo and National General each expressly reserve all claims and arguments concerning indemnification, contribution and any equitable relief that either has sought or may in the future seek from one another concerning the general subject matter of Improper CPI Practices.

34.     As of the Final Date, Defendants, individually and collectively, shall and hereby do completely, fully, finally and forever release, relinquish, settle, and discharge each and all of the CPI Plaintiffs and the CPI Plaintiffs' Counsel from and with respect to any and all claims arising out of or relating to the initiation, prosecution, and resolution of the CPI Derivative Actions, excepting any claim to enforce the Settlement.

## D.   <u>STAY OF PROCEEDINGS</u>

35.     The Parties agree to seek a stay of proceedings in the CPI Derivative Actions (to the extent not already stayed or dismissed) and not to initiate any proceedings other than those related to the Settlement itself.  In the event that any other action concerning the Improper CPI Practices is initiated during the pendency of the settlement approval proceedings contemplated herein, the Parties agree to jointly seek a stay of such action.

## E.   <u>DISMISSAL WITH PREJUDICE</u>

36.     If the Preliminary Approval is granted by the Court, the Parties shall jointly and promptly request that the Court enter the Final Judgment and Order of Dismissal, substantially in the form attached hereto as Exhibit E, and upon entry of the Final Judgment and Order of Dismissal, to

simultaneously move the respective courts overseeing the other CPI Derivative Actions for dismissal

of those actions with prejudice and with no further or different consideration or relief, along with

dismissal of any other shareholder derivative action that may be initiated that concerns the Improper

CPI Practices.

F.     **CONDITIONS OF SETTLEMENT**

37.     This Stipulation, the Settlement and the Effective Date shall be conditioned on the

occurrence of all of the following events:

a.     The occurrence of the Final Date;

b.     The dismissals with prejudice provided for in Paragraph 36 above have been

entered and become final;

c.     The contemporaneous (but unconnected) resolution of the Improper Sales

Practices Derivative Actions.

38.     The Settlement (including the Released Claims) shall be null and void and of no force

and effect, unless otherwise agreed by the Parties in accordance with Paragraph 60 herein, if: (i) the

Court does not enter the Final Judgment and Order of Dismissal; (ii) the other CPI Derivative

Actions are not dismissed with prejudice against all Defendants, without the award of any damages,

costs, fees or the grant of further relief except for the actions and relief contemplated by this

Stipulation; (iii) the Parties do not obtain final approval of the Settlement for any reason; or (iv) the

Effective Date does not come to pass.

39.     In the event this Stipulation is deemed null and void, the Parties may withdraw, and

in such case, the Parties shall be deemed to be in the respective positions they were in prior to the

execution of this Stipulation.  All negotiations, proceedings, documents prepared and statements

made in connection with this Stipulation shall be without prejudice to the Parties, shall not be

deemed or construed to be an admission by a Party of any act, matter, or proposition and shall not be

used in any manner for any purpose (other than to enforce the terms remaining in effect) in any

subsequent proceeding in the CPI Derivative Actions or in any other action or proceeding.  The

terms and provisions of this Stipulation shall have no further force and effect with respect to the

Parties and shall not be used in any other proceeding for any purpose, and any judgment or orders

1  entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc*

2  *pro tunc*.

3      **G.**    **ATTORNEYS' FEES**

4      40.    After negotiating and reaching agreement on the principal terms of the Settlement,

5  CPI Plaintiffs' Counsel and Wells Fargo, with the assistance of Judge Weinstein, separately

6  negotiated an appropriate amount of attorneys' fees and expenses to be paid by Wells Fargo to

7  compensate CPI Plaintiffs' Counsel for their work in the Action and the substantial benefits

8  conferred upon Wells Fargo and its stockholders by the Settlement.  CPI Plaintiffs' Counsel and

9  Wells Fargo ultimately adopted Judge Weinstein's mediator's proposal of $2,500,000 as an

10  appropriate amount of attorneys' fees and expenses, subject to Court approval.  As part of the

11  Settlement Hearing, CPI Plaintiffs' Counsel intend to apply to the Court for an award of fees,

12  expenses, and Reimbursement Awards in connection with the Action which shall not exceed this

13  negotiated amount (the "Fee Application").  The Reimbursement Awards shall not exceed

14  $5,000 per CPI Plaintiff, with any such award to be paid out of any attorneys' fees awarded by

15  the Court.  Defendants agree that CPI Plaintiffs and CPI Plaintiffs' Counsel are entitled to the

16  negotiated amount as an award of reasonable attorneys' fees, expenses, and Reimbursement

17  Awards.  The Parties acknowledge and agree that any fees and expenses awarded by the Court

18  shall be paid by Wells Fargo to an account established by CPI Plaintiffs' Counsel within ten (10)

19  business days of entry of an Order approving an award, and shall be immediately releasable upon

20  receipt by CPI Plaintiffs' Counsel, notwithstanding the existence of any timely-filed objections

21  thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part

22  thereof.  The payment of any fees and expenses by Wells Fargo shall be subject to CPI Plaintiffs'

23  Counsel's joint and several obligation to make appropriate refunds or repayments of the fee

24  received, if, as a result of any further proceedings or collateral attack, the amount of the fee

25  awarded is reduced, the conditions of this Settlement (as set forth in Paragraph 37) are not

26  satisfied, the judgment of dismissal as contemplated in the Settlement is not accorded full effect,

27  or the Defendants withdraw from the Settlement consistent with the terms of this Stipulation.

28

41.     Neither the resolution of, nor any ruling regarding, the Fee Application or any award of attorneys' fees and expenses or Reimbursement Award shall be a precondition to the Settlement or the Final Judgment and Order of Dismissal in accordance with the terms of this Stipulation.  The Court may consider and rule upon the fairness, reasonableness and adequacy of the Settlement independently of the Fee Application and any fee award or Reimbursement Award, and any failure of the Court to approve the Fee Application or Reimbursement Award in whole or in part shall have no impact on the effectiveness of the Settlement.  Notwithstanding anything in this Stipulation to the contrary, the effectiveness of the Releases and the other obligations of the Parties under the Settlement (except with respect to the payment of attorneys' fees and expenses) shall not be conditioned upon or subject to the resolution of any appeal from any order, if such appeal relates solely to the issue of any award of attorneys' fees or the reimbursement of expenses or Reimbursement Award.

42.     CPI Plaintiffs' Counsel shall allocate any fee and expense award among themselves in a manner which they, in good faith, believe reflects their respective contributions in the institution, prosecution, and settlement of the Action. Defendants and their counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation between or among CPI Plaintiffs' Counsel of any fees or expenses awarded by the Court.  Any dispute regarding any allocation of fees or expenses between or among CPI Plaintiffs' Counsel shall have no effect on the Settlement.

43.     This Court shall have and retain exclusive and continuing jurisdiction with respect to any claim by or on behalf of any non-party shareholders for attorneys' fees or costs in connection with the prosecution of any cause of action related to the Released Claims.

**H.     COOPERATION**

44.     The Parties and their respective counsel agree to cooperate fully with one another in seeking the Court's approval of the Settlement and to use their best efforts to effect the consummation of this Stipulation and the Settlement (including, but not limited to, resolving any objections raised with respect to the Settlement) and to take such actions as are reasonably necessary to ensure that the Final Judgment and Order of Dismissal, and the Releases provided for herein, are

1  enforced in all forums where the other CPI Derivative Actions and any other shareholder derivative

2  action concerning Improper CPI Practices are or may in the future be pending, and to obtain

3  dismissal of all such actions.

4      45.    Without further order of the Court, the Parties may agree to reasonable extensions of

5  time to carry out any of the provisions of this Stipulation.

6      **I.      STIPULATION NOT AN ADMISSION**

7      46.    The existence of this Stipulation, its contents and any negotiations, statements or

8  proceedings in connection therewith will not be argued to be, and will not be construed or deemed to

9  be, a presumption, concession or admission by any of the Released Parties or any other person of

10  any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the CPI Derivative

11  Actions or otherwise, or that Wells Fargo, CPI Plaintiffs or CPI Plaintiffs' Counsel, any present or

12  former shareholders of Wells Fargo or any other Person, have suffered any damage attributable in

13  any manner to any of the Released Parties. Nor shall the existence of this Stipulation and its

14  contents or any negotiations, statements or proceedings in connection therewith be construed as a

15  presumption, concession or admission by CPI Plaintiffs or CPI Plaintiffs' Counsel of any lack of

16  merit of the Released Claims, or that Wells Fargo has not suffered cognizable damages caused by

17  Defendants. The existence of the Stipulation, its contents or any negotiations, statements or

18  proceedings in connection therewith, shall not be offered or admitted in evidence or referred to,

19  interpreted, construed, invoked or otherwise used by any Person for any purpose in the CPI

20  Derivative Actions or otherwise, except as may be necessary to effectuate the Settlement. This

21  provision shall remain in force in the event that the Settlement is terminated for any reason

22  whatsoever. Notwithstanding the foregoing, any of the Released Parties may file this Stipulation or

23  any judgment or order of the Court related hereto in any other action that has been or may in the

24  future be brought against them, in order to support any and all defenses or counterclaims based on

25  *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any

26  other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as

27  necessary for any of the Released Parties to pursue their rights under any insurance policy.

28

**J.    CONFIDENTIALITY**

47.    All agreements made and orders entered during the course of the CPI Derivative Actions relating to the confidentiality of information shall survive this Stipulation.  The Parties do not waive, and hereby preserve, the confidentiality of all communications protected by Cal. Evid. Code §§ 1115 *et seq.*

**K.    NO WAIVER**

48.    Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation by such other Party.

49.    No waiver, express or implied, by any Party of any breach or default in the performance by another Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**L.    AUTHORITY**

50.    This Stipulation will be executed by the Parties' counsel, each of whom represents and warrants that they have been duly authorized and empowered to execute this Stipulation on behalf of such Party, and that it shall be binding on such Party in accordance with its terms.

**M.    SUCCESSORS AND ASSIGNS**

51.    This Stipulation is, and shall be, binding upon, and inure to the benefit of, the Parties and their respective agents, executors, administrators, heirs, successors and assigns; provided, however, that no Party shall assign or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other Parties.

**N.    GOVERNING LAW AND FORUM**

52.    This Stipulation, and any dispute arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of California, without regard to conflict-of-laws principles.  Each of the Parties:  (i) irrevocably submits to the personal jurisdiction of the Superior Court of California in and

1  for the County of San Francisco, as well as to the jurisdiction of all courts to which an appeal may be
2  taken from such court, in any suit, action or proceeding arising out of or relating to this Stipulation
3  and/or the Settlement; (ii) agrees that all claims in respect of such suit, action or proceeding shall be
4  brought, heard and determined exclusively in the Court (provided that, in the event that jurisdiction
5  is unavailable in the Court, then all such claims shall be brought, heard and determined exclusively
6  in any other state or federal court sitting in San Francisco, California); (iii) agrees that it shall not
7  attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such
8  court; and (iv) agrees not to bring any action or proceeding arising out of or relating to this
9  Stipulation in any other court.  Each of the Parties waives any defense of inconvenient forum to the
10  maintenance of any action or proceeding brought in accordance with this Paragraph.  Each of the
11  Parties further agrees to waive any bond, surety or other security that might be required of any other
12  Party with respect to any such action or proceeding, including an appeal thereof; such waiver is not
13  applicable to any bond, surety or other security that might be required of a nonparty objector to the
14  Final Judgment and Order of Dismissal.  Each of the Parties further consents and agrees that process
15  in any such suit, action or proceeding may be served on such Party by certified mail, return receipt
16  requested, addressed to such Party or such Party's registered agent in the state of its incorporation or
17  organization, or in any other manner provided by law, and in the case of the CPI Plaintiffs by giving
18  such written notice to CPI Plaintiffs' Counsel at their addresses set forth in the signature blocks
19  below.

1    **O.    WARRANTY**

2        53.    CPI Plaintiffs' Counsel each represents, on behalf of their respective clients, that (i)

3    their clients have been continuous shareholders of Wells Fargo at all times relevant to the allegations

4    in the Action and through the date of this Stipulation; and (ii) none of the Released Claims has been

5    assigned, encumbered or in any manner transferred in whole or in part, and that they and their

6    respective clients will not attempt to assign, encumber or in any manner transfer in whole or in part

7    any of the Released Claims.

8        54.    Each Party represents and warrants that the Party has made such investigation of the

9    facts pertaining to the Settlement provided for in this Stipulation, and all of the matters pertaining

10   thereto, as the Party deems necessary and advisable.

11   **P.    ENTIRE AGREEMENT**

12       55.    This Stipulation and the attached Exhibits constitute the entire agreement among the

13   Parties with respect to the subject matter hereof and supersede all prior or contemporaneous oral or

14   written agreements, understandings or representations among the Parties with respect to the subject

15   matter hereof.  All of the Exhibits hereto are incorporated by reference as if set forth herein

16   verbatim, and the terms of all Exhibits are expressly made part of this Stipulation.

17   **Q.    INTERPRETATION**

18       56.    Each term of this Stipulation is contractual and not merely a recital.

19       57.    This Stipulation will be deemed to have been mutually prepared by the Parties and

20   will not be construed against any of them by reason of authorship.

21       58.    This Stipulation and Exhibits hereto shall be considered to have been negotiated,

22   executed and delivered, and to be wholly performed, in the State of California.

23       59.    The terms and provisions of this Stipulation are intended solely for the benefit of the

24   Parties, and their respective successors and permitted assigns, and it is not the intention of the Parties

25   to confer third-party beneficiary rights or remedies upon any other Person, except with respect to (a)

26   any attorneys' fees and expenses to be paid to CPI Plaintiffs' Counsel pursuant to the terms of this

27   Stipulation; and (b) the Released Parties who are not signatories hereto, and who shall be third-party

28   beneficiaries under this Stipulation entitled to enforce it in accordance with its terms.

1

**R.**   **AMENDMENTS**

2   60.   This Stipulation may not be amended, changed, waived, discharged or terminated

3   (except as explicitly provided herein), in whole or in part, except by an instrument in writing signed

4   by the Parties to this Stipulation.  Any such written instrument signed by the Parties shall be

5   effective upon approval of the Court, without further notice to Wells Fargo shareholders, unless the

6   Court requires such notice.

7

**S.**   **COUNTERPARTS**

8   61.   This Stipulation may be executed in any number of actual, telecopied or

9   electronically mailed counterparts and by each of the different Parties on several counterparts, each

10  of which when so executed and delivered will be an original.  This Stipulation will become effective

11  when the actual or telecopied counterparts have been signed by each of the Parties to this Stipulation

12  and delivered to the other Parties.  The executed signature page(s) from each actual, telecopied or

13  electronically mailed counterpart may be joined together and attached and will constitute one and the

14  same instrument.

15  **IN WITNESS WHEREOF,** the Parties have caused this Stipulation, dated as of March 4, 2019, to

16  be executed by their duly authorized attorneys.

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | Dated: March 4, 2019 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | Dated: March 4, 2019 |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | Dated: March 4, 2019 |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

COTCHETT, PITRE & McCARTHY LLP

By:_____

Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

BOTTINI & BOTTINI, INC.

By:_____

Francis A. Bottini, Jr. (SBN 175783)
fbottini@bottinilaw.com
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002

*Attorneys for Derivative Plaintiff Donna Maxwell*

WILLIAM H. PARISH, PC

By:_____

William H. Parish (SBN 95913)
parish@parishlegal.com
WILLIAM H. PARISH, PC
1919 Grand Canal Boulevard, Suite A-5
Stockton, California 95207
Telephone: (209) 952-1992
Facsimile: (209) 914-0250

*Attorneys for Douglas Duran, as Trustee of the John &
Irene Duran Family Trust*

SULLIVAN & CROMWELL LLP

By:_____

Richard H. Klapper (*pro hac vice* forthcoming)
(klapperr@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-3555
Facsimile: (212) 291-9083

Brendan P. Cullen (SBN 194057)

-24-

Dated: March 4, 2019                COTCHETT, PITRE & McCARTHY LLP

                                    By:_____

                                    Mark C. Molumphy (SBN 168009)
                                    mmolumphy@cpmlegal.com
                                    COTCHETT, PITRE & McCARTHY, LLP
                                    840 Malcolm Road, Suite 200
                                    Burlingame, California 94010
                                    Telephone: (650) 697-6000
                                    Facsimile: (650) 697-0577

                                    BOTTINI & BOTTINI, INC.

                                    By:_____

                                    Francis A. Bottini, Jr. (SBN 175783)
                                    fbottini@bottinilaw.com
                                    BOTTINI & BOTTINI, INC.
                                    7817 Ivanhoe Avenue, Suite 102
                                    La Jolla, California 92037
                                    Telephone: (858) 914-2001
                                    Facsimile: (858) 914-2002

                                    *Attorneys for Derivative Plaintiff Donna Maxwell*

Dated: March 4, 2019                WILLIAM H. PARISH, PC

                                    By: *William A. Parish*

                                    William H. Parish (SBN 95913)
                                    parish@parishlegal.com
                                    WILLIAM H. PARISH, PC
                                    1919 Grand Canal Boulevard, Suite A-5
                                    Stockton, California 95207
                                    Telephone: (209) 952-1992
                                    Facsimile: (209) 914-0250

                                    *Attorneys for Douglas Duran, as Trustee of the John & Irene Duran Family Trust*

Dated: March 4, 2019                SULLIVAN & CROMWELL LLP

                                    By:_____

                                    Richard H. Klapper (*pro hac vice* forthcoming)
                                    (klapperr@sullcrom.com)
                                    SULLIVAN & CROMWELL LLP
                                    125 Broad Street
                                    New York, New York 10004-2498
                                    Telephone: (212) 558-3555
                                    Facsimile: (212) 291-9083

                                    Brendan P. Cullen (SBN 194057)

-24-

cullenb@sullcrom.com
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

Christopher M. Viapiano (*pro hac vice* forthcoming)
viapianoc@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-6985
Facsimile: (202) 956-7056

Gilbert R. Serota (SBN 75305)
gilbert.serota@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, Suite 10
San Francisco, California 94111
Telephone: (415) 471-3170
Facsimile: (415) 471-3400

*Counsel for Nominal Defendant Wells Fargo & Company*

Dated: March 4, 2019            GOODWIN PROCTER LLP

                               By: _____

Richard M. Strassberg (*Pro hac vice*)
rstrassberg@goodwinlaw.com
Daniel P. Roeser (*Pro hac vice*)
droeser@goodwinlaw.com
GOODWIN PROCTER LLP
620 8th Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

Grant P. Fondo
*gfondo@goodwinlaw.com*
Lloyd Winawer
*lwinawer@goodwinlaw.com*
Nicholas A. Reider
*nreider@goodwinlaw.com*
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

*Attorneys for Defendant John G. Stumpf*

1    Dated: March 4, 2019              CLARENCE DYER & COHEN LLP

2                                      By:_____

3                                      Nanci L. Clarence
                                       nclarence@clarencedyer.com
4                                      Josh A. Cohen
                                       jcohen@clarencedyer.com
5                                      Adam F. Shearer
                                       ashearer@clarencedyer.com
6                                      CLARENCE DYER & COHEN LLP
                                       899 Ellis Street
7                                      San Francisco, CA 94109
                                       Telephone: (415) 749-1800
8                                      Facsimile: (415) 749-1694

9                                      *Attorneys for Defendant Timothy J. Sloan*

10

11   Dated: March 4, 2019              SKAGGS FAUCETTE LLP

12                                     By:_____

13                                     Jeffrey E. Faucette
                                       jeff@skaggsfaucette.com
14                                     SKAGGS FAUCETTE LLP
                                       One Embarcadero Center
15                                     Suite 500
                                       San Francisco, CA 94111
16                                     Telephone: (415) 315-1669
                                       Facsimile: (415) 433-5994
17
                                       Enu A. Mainigi (*Pro hac vice*)
18                                     emainigi@wc.com
                                       Jennifer G. Wicht (*Pro hac vice*)
19                                     jwicht@wc.com
                                       Brian Patrick Hagerty (*Pro hac vice*)
20                                     bhagerty@wc.com
                                       WILLIAMS & CONNOLLY LLP
21                                     725 Twelfth Street, N.W.
                                       Washington D.C. 20005
22                                     Telephone: (202) 434-5000
                                       Facsimile: (202) 434-5029
23                                     *Attorneys for Defendant Carrie Tolstedt*

24
     Dated: March 4, 2019              SHEARMAN & STERLING LLP
25
                                       By:_____
26
                                       John F. Cove, Jr.
27                                     john.cove@shearman.com
                                       Emily V. Griffen
28                                     egriffen@shearman.com
                                       Alethea M. Sargent

| | |
|---|---|
| 1 | Dated: March 4, 2019 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

1 | Dated: March 4, 2019          CLARENCE DYER & COHEN LLP

2                                By:_____

3                                Nanci L. Clarence
                                 *nclarence@clarencedyer.com*
4                                Josh A. Cohen
                                 *jcohen@clarencedyer.com*
5                                Adam F. Shearer
                                 *ashearer@clarencedyer.com*
6                                CLARENCE DYER & COHEN LLP
                                 899 Ellis Street
7                                San Francisco, CA 94109
                                 Telephone: (415) 749-1800
8                                Facsimile: (415) 749-1694

9                                *Attorneys for Defendant Timothy J. Sloan*

10

11 | Dated: March 4, 2019         SKAGGS FAUCETTE LLP

12                               By:_____

13                               Jeffrey E. Faucette
                                 *jeff@skaggsfaucette.com*
14                               SKAGGS FAUCETTE LLP
                                 One Embarcadero Center
15                               Suite 500
                                 San Francisco, CA 94111
16                               Telephone: (415) 315-1669
                                 Facsimile: (415) 433-5994

17                               Enu A. Mainigi (*Pro hac vice*)
                                 *emainigi@wc.com*
18                               Jennifer G. Wicht (*Pro hac vice*)
                                 *jwicht@wc.com*
19                               Brian Patrick Hagerty (*Pro hac vice*)
                                 *bhagerty@wc.com*
20                               WILLIAMS & CONNOLLY LLP
                                 725 Twelfth Street, N.W.
21                               Washington D.C. 20005
                                 Telephone: (202) 434-5000
22                               Facsimile: (202) 434-5029

23                               *Attorneys for Defendant Carrie Tolstedt*

24

25 | Dated: March 4, 2019         SHEARMAN & STERLING LLP

26                               By:_____

27                               John F. Cove, Jr.
                                 *john.cove@shearman.com*
28                               Emily V. Griffen
                                 *egriffen@shearman.com*
                                 Alethea M. Sargent

-26-

1  Dated: March 4, 2019                    CLARENCE DYER & COHEN LLP

2                                          By:_____

3                                          Nanci L. Clarence
                                           *nclarence@clarencedyer.com*
4                                          Josh A. Cohen
                                           *jcohen@clarencedyer.com*
5                                          Adam F. Shearer
                                           *ashearer@clarencedyer.com*
6                                          CLARENCE DYER & COHEN LLP
                                           899 Ellis Street
7                                          San Francisco, CA 94109
                                           Telephone: (415) 749-1800
8                                          Facsimile: (415) 749-1694

9                                          *Attorneys for Defendant Timothy J. Sloan*

10

11 Dated: March 4, 2019                    SKAGGS FAUCETTE LLP

12                                         By:_____

13                                         Jeffrey E. Faucette
                                           *jeff@skaggsfaucette.com*
14                                         SKAGGS FAUCETTE LLP
                                           One Embarcadero Center
15                                         Suite 500
                                           San Francisco, CA 94111
16                                         Telephone: (415) 315-1669
                                           Facsimile: (415) 433-5994

17                                         Enu A. Mainigi (*Pro hac vice*)
                                           *emainigi@wc.com*
18                                         Jennifer G. Wicht (*Pro hac vice*)
                                           *jwicht@wc.com*
19                                         Brian Patrick Hagerty (*Pro hac vice*)
                                           *bhagerty@wc.com*
20                                         WILLIAMS & CONNOLLY LLP
                                           725 Twelfth Street, N.W.
21                                         Washington D.C. 20005
                                           Telephone: (202) 434-5000
22                                         Facsimile: (202) 434-5029

23                                         *Attorneys for Defendant Carrie Tolstedt*

24

25 Dated: March 4, 2019                    SHEARMAN & STERLING LLP

26                                         By:_____

27                                         John F. Cove, Jr.
                                           *john.cove@shearman.com*
28                                         Emily V. Griffen
                                           *egriffen@shearman.com*
                                           Alethea M. Sargent

| | |
|---|---|
| 1 | alethea.sargent@shearman.com |
| | SHEARMAN & STERLING LLP |
| 2 | 535 Mission Street, 25th Floor |
| | San Francisco, CA 94105 |
| 3 | Telephone: (415) 616-1100 |
| | Facsimile: (415) 616-1199 |

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

alethea.sargent@shearman.com  
SHEARMAN & STERLING LLP  
535 Mission Street, 25th Floor  
San Francisco, CA 94105  
Telephone: (415) 616-1100  
Facsimile: (415) 616-1199  

Stuart Baskin  
sbaskin@shearman.com  
John Gueli  
jgueli@shearman.com  
SHEARMAN & STERLING LLP  
599 Lexington Avenue  
New York, NY 10022  
Telephone: (212) 848-4000  
Facsimile: (212) 848-7179  

*Attorneys for Defendants John D. Baker II, Elaine L. Chao, John S. Chen, Celeste A. Clark, Theodore F. Craver, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Mackey J. McDonald, Richard D. McCormick, Cynthia H. Milligan, Nicholas G. Moore, Maria R. Morris, Karen B. Peetz, Federico F. Peña, Juan A. Pujadas, James H. Quigley, Philip J. Quigley, Howard V. Richardson, Judith M. Runstad, Stephen W. Sanger, Ronald L. Sargent, Susan G. Swenson, and Suzanne M. Vautrinot*  

Dated: March 4, 2019            RAMSEY & EHRLICH LLP  

By: *Ismail Ramsey*  
*by Katharine Kates*  

Miles Ehrlich  
miles@ramsey-ehrlich.com  
Ismail Ramsey  
izzy@ramsey-ehrlich.com  
RAMSEY & EHRLICH LLP  
803 Hearst Avenue  
Berkeley, CA 94710  
Telephone: (510) 548-3600  
Facsimile: (510) 291-3060  

*Attorneys for Defendants Franklin Codel and John R. Shrewsberry*  

Dated: March 4, 2019            FARELLA BRAUN + MARTEL LLP  

By:_____  

Douglas R. Young  
dyoung@fbm.com  
C. Brandon Wisoff  
bwisoff@fbm.com  
FARELL BRAUN + MARTEL LLP  
Russ Building

alethea.sargent@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Stuart Baskin
sbaskin@shearman.com
John Gueli
jgueli@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Defendants John D. Baker II, Elaine L. Chao, John S. Chen, Celeste A. Clark, Theodore F. Craver, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Mackey J. McDonald, Richard D. McCormick, Cynthia H. Milligan, Nicholas G. Moore, Maria R. Morris, Karen B. Peetz, Federico F. Peña, Juan A. Pujadas, James H. Quigley, Philip J. Quigley, Howard V. Richardson, Judith M. Runstad, Stephen W. Sanger, Ronald L. Sargent, Susan G. Swenson, and Suzanne M. Vautrinot*

Dated: March 4, 2019            RAMSEY & EHRLICH LLP

                               By:_____

                               Miles Ehrlich
                               miles@ramsey-ehrlich.com
                               Ismail Ramsey
                               izzy@ramsey-ehrlich.com
                               RAMSEY & EHRLICH LLP
                               803 Hearst Avenue
                               Berkeley, CA 94710
                               Telephone: (510) 548-3600
                               Facsimile: (510) 291-3060

                               *Attorneys for Defendants Franklin Codel and John R. Shrewsberry*

Dated: March 4, 2019            FARELLA BRAUN + MARTEL LLP

                               By: *[signature]*

                               Douglas R. Young
                               dyoung@fbm.com
                               C. Brandon Wisoff
                               bwisoff@fbm.com
                               FARELLA BRAUN + MARTEL LLP
                               Russ Building

1                             235 Montgomery Street
                              17th Floor

2                             San Francisco, CA 94104
                            Telephone: (415) 954-4400

3

4                             *Attorneys for Defendant Avid Modjtabai*

5 Dated: March 4, 2019              COVINGTON & BURLING LLP

6                             By:_____

7                             Daniel Shallman
                            *dshallman@cov.com*

8                             COVINGTON & BURLING LLP
                            1999 Avenue of the Stars

9                             Los Angeles, CA 90067-4643
                            Telephone: (424) 332-4800

10

11                             *Attorneys for Defendant Dawn Martin Harp*

12 Dated: March 4, 2019             ARGUEDAS CASSMAN & HEADLEY LLP

13                             By:_____

14                             Cristina C. Arguedas
                            *arguedas@achlaw.com*

15                             Ted W. Cassman
                            *cassman@achlaw.com*

16                             Laurel L. Headley
                            *headley@achlaw.com*

17                             ARGUEDAS CASSMAN & HEADLEY LLP
                            803 Hearst Avenue

18                             Berkeley, CA 94710
                            (510) 845-3000 (Tel)

19                             (510) 845-3003 (Fax)
                            *Attorneys for Defendant Michael J. Loughlin*

20

21

22

23

24

25

26

27

28

-28-

1

2

3

4
235 Montgomery Street
17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400

*Attorneys for Defendant Avid Modjtabai*

5   Dated: March 4, 2019            COVINGTON & BURLING LLP

6                                  By:_____

7                                  Daniel Shallman
                                   *dshallman@cov.com*
8                                  COVINGTON & BURLING LLP
                                   1999 Avenue of the Stars
9                                  Los Angeles, CA 90067-4643
                                   Telephone: (424) 332-4800
10
                                   *Attorneys for Defendant Dawn Martin Harp*
11

12  Dated: March 4, 2019            ARGUEDAS CASSMAN & HEADLEY LLP

13                                  By: *Ted W. Cass*

14                                  Cristina C. Arguedas
                                   *arguedas@achlaw.com*
15                                  Ted W. Cassman
                                   *cassman@achlaw.com*
16                                  Laurel L. Headley
                                   *headley@achlaw.com*
17                                  ARGUEDAS CASSMAN & HEADLEY LLP
                                   803 Hearst Avenue
18                                  Berkeley, CA 94710
                                   (510) 845-3000 (Tel)
19                                  (510) 845-3003 (Fax)
                                   *Attorneys for Defendant Michael J. Loughlin*
20

21

22

23

24

25

26

27

28

-28-