| | |
|---|---|
| 1 | Richard H. Klapper (*pro hac vice* forthcoming) |
|   | (klapperr@sullcrom.com) |
| 2 | SULLIVAN & CROMWELL LLP |
|   | 125 Broad Street |
| 3 | New York, New York 10004-2498 |
|   | Telephone:    (212) 558-3555 |
| 4 | Facsimile:    (212) 291-9083 |
| 5 | Brendan P. Cullen (SBN 194057) |
|   | (cullenb@sullcrom.com) |
| 6 | SULLIVAN & CROMWELL LLP |
|   | 1870 Embarcadero Road |
| 7 | Palo Alto, California 94303 |
|   | Telephone:    (650) 461-5600 |
| 8 | Facsimile:    (650) 461-5700 |
| 9 | Christopher M. Viapiano (*pro hac vice* forthcoming) |
|   | (viapianoc@sullcrom.com) |
| 10 | SULLIVAN & CROMWELL LLP |
|   | 1700 New York Avenue, N.W., Suite 700 |
| 11 | Washington, D.C. 20006 |
|   | Telephone:    (202) 956-6985 |
| 12 | Facsimile:    (202) 956-7056 |
| 13 | *Counsel for Nominal Defendant* |
|   | *Wells Fargo & Company* |
| 14 | |
|   | [*Additional counsel listed on signature page*] |
| 15 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| R. A. FEUER, derivatively on behalf of WELLS FARGO & COMPANY, | | Case No. 4:18-cv-02866-JST |
| | Plaintiff, | **NOTICE OF JOINT MOTION AND JOINT MOTION TO DISMISS THE AMENDED COMPLAINT ON THE GROUNDS OF *RES JUDICATA*; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT** |
| v. | | |
| JOHN D. BAKER, II, et al. | | |
| | Defendants, | The Honorable Jon S. Tigar |
| - and - | | Hearing date:  April 1, 2021 |
| WELLS FARGO & COMPANY, | | Hearing time:  2:00 p.m. |
| | Nominal Defendant. | |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on April 1, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 6, located at 1301 Clay Street, Oakland, California 94612, or remotely via Zoom depending on the state of the COVID-19 pandemic, Nominal Defendant Wells Fargo & Company, through its undersigned counsel, and Plaintiff R.A. Feuer, through his undersigned counsel, will, and hereby do, move to dismiss the Amended Complaint, pursuant to Rule 12(b)(6) on the grounds of *res judicata*.

This Joint Motion is based on this Notice, the supporting Memorandum of Points and Authorities, Wells Fargo's Request for Judicial Notice, the Declaration of Brendan P. Cullen, and the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing.

DATED:  February 22, 2021                Respectfully submitted,

SULLIVAN & CROMWELL LLP

　　　　　　　　　　　　　　　　　　　　*/s/ Brendan P. Cullen*
Richard H. Klapper (*pro hac vice* forthcoming)
(klapperr@sullcrom.com)
125 Broad Street
New York, New York 10004-2498
Telephone:    (212) 558-3555
Facsimile:    (212) 291-9083

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
Sverker K. Hogberg (SBN 244640)
(hogbergs@sullcrom.com)
1870 Embarcadero Road
Palo Alto, California  94303-3308
Telephone:    (650) 461-5600
Facsimile:    (650) 461-5700

Christopher M. Viapiano (*pro hac vice* forthcoming)
(viapianoc@sullcrom.com)
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone:    (202) 956-6985
Facsimile:    (202) 956-7056

*Counsel for Nominal Defendant*
*Wells Fargo & Company*

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 22, 2021 | */s/ Walter W. Gouldsbury III* |
| 3 | | Walter W. Gouldsbury III |
| | | wgouldsberry@ciardilaw.com |
| 4 | | Gary B. Elmer |
| | | gelmer@ciardilaw.com |
| 5 | | CIARDI CIARDI & ASTIN |
| | | 600 B Street, Suite 300 |
| 6 | | San Diego, CA 92101 |
| | | Telephone:    (619) 270-8811 |
| 7 | | |
| | | *Counsel for Plaintiff R.A. Feuer* |

**TABLE OF CONTENTS**

**Page**

ISSUES TO BE DECIDED .................................................................................................................1

PRELIMINARY STATEMENT .........................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY............................................................2

LEGAL STANDARD..........................................................................................................................6

ARGUMENT.......................................................................................................................................7

    I.    The Final Judgment in the State Court Action Bars Feuer's Claims in this Action. ............7

    II.   Federal Rule of Civil Procedure 23.1(c) is Not Implicated by this Motion........................11

CONCLUSION..................................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alpha Mech., Heating & Air Conditioning, Inc.* v. *Travelers Cas. & Sur. Co. of Am.*,
  133 Cal. App. 4th 1319 (2005) ...................................................................................................8

*Ass'n of Irritated Residents* v. *Dep't of Conservation*,
  11 Cal. App. 5th 1202 (2017) ................................................................................................6, 8

*Beeman* v. *Anthem Prescription Mgmt., LLC*,
  689 F.3d 1002 (9th Cir. 2012) ...................................................................................................9

*Boeken* v. *Philip Morris USA, Inc.*,
  48 Cal. 4th 788 (2010) .............................................................................................................10

*Byrd* v. *Farnsworth, Saperstein & Seligman*,
  1996 WL 721683 (N.D. Cal. Dec. 9, 1996) ...............................................................................6

*Cal Sierra Dev., Inc.* v. *George Reed, Inc.*,
  14 Cal. App. 5th 663 (2017) ......................................................................................................7

*Citizens for Open Access to Sand and Tide, Inc.* v. *Seadrift Ass'n*,
  60 Cal. App. 4th 1053 (1998) ..................................................................................................10

*Employers Ins. of Wausau* v. *Granite State Ins. Co.*,
  330 F.3d 1214 (9th Cir. 2003) ...................................................................................................9

*In re Facebook, Inc. Shareholder Derivative Privacy Litig*,
  367 F. Supp. 3d 1108 (N.D. Cal. 2019) .....................................................................................9

*Gagnon Co.* v. *Nevada Desert Inn*,
  45 Cal. 2d 448 (1955) ..............................................................................................................10

*Gates* v. *Superior Court*,
  178 Cal. App. 3d 301 (1986) ...................................................................................................10

*Goldman* v. *Northrop Corp.*,
  603 F.2d 106 (9th Cir. 1979) ...................................................................................................10

*Harold* v. *Wells Fargo Bank, N.A.*,
  2020 WL 3867203 (N.D. Cal. May 29, 2020) ...........................................................................6

*The Inland Oversight Comm.* v. *City of San Bernardino*,
  27 Cal. App. 5th 771 (2018) ....................................................................................................11

*In re JPMorgan Chase Derivative Litig.*,
  263 F. Supp. 3d 920 (E.D. Cal. 2017) .......................................................................................9

*Knowles* v. *Tehachapi Valley Hospital Dist.*,
    49 Cal. App. 4th 1083 (1996) ..................................................................................................10

*Koch* v. *Ironwood Country Club*,
    2002 WL 1965466 (Cal. Super. Aug. 26, 2002) .........................................................................9

*Lloyd* v. *Gupta*,
    2016 WL 3951652 (N.D. Cal. July 22, 2016) ..........................................................................10

*Matsushita Elec. Indus. Co., Ltd.* v. *Epstein*,
    516 U.S. 367 (1996) ....................................................................................................................6

*Mendaros* v. *JPMorgan Chase Bank, N.A.*,
    2014 WL 3373447 (N.D. Cal. July 9, 2014) ..............................................................................6

*People* v. *Silva*,
    114 Cal. App. 3d 538 (1981) ......................................................................................................7

*Robi* v. *Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) ......................................................................................................6

*Safeco Ins. Co.* v. *Tholen*,
    117 Cal. App. 3d 685 (1981) ......................................................................................................7

*San Diego Police Officers' Ass'n* v. *San Diego City Employees' Retirement*,
    568 F.3d 725 (9th Cir. 2009) ......................................................................................................7

*Scarbourough* v. *Briggs*,
    81 Cal. App. 2d 161 (1947) ....................................................................................................8, 9

*Slater* v. *Blackwood*,
    15 Cal.3d 791 (1975) ..................................................................................................................7

*In re Sonus Networks, Inc., Shareholder Derivative Litig.*,
    499 F.3d 47 (1st Cir. 2007) ........................................................................................................9

*Tirado* v. *U.S. Bank Nt'l Ass'n*,
    2012 WL 692599 (N.D. Cal. Mar. 2, 2012) ...............................................................................6

*In re Wells Fargo & Co. Shareholder Derivative Litig.*,
    No. 3:16-cv-05541-JST (2016) ............................................................................................2, 11

*In re Wells Fargo & Company Auto Insurance Derivative Litig.*,
    No. CGC-17-561118 ...................................................................................................................1

**Other Authorities**

California Rule of Court 3.769(f) .......................................................................................................4

California Rule of Court 8.104 ......................................................................................................6, 11

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6

Fed. R. Civ. P. 12(g)(2) .................................................................................................................. 2

Fed. R. Civ. P. 23(e)(5)(B) ........................................................................................................... 11

Fed. R. Civ. P. 23.1(c) ............................................................................................................. 5, 11

Nominal Defendant Wells Fargo & Company ("Wells Fargo" or the "Company") and Plaintiff R.A. Feuer respectfully submit this Memorandum of Points and Authorities in support of their joint motion to dismiss the Amended Complaint on the grounds of *res judicata* (the "Motion").[1]

## ISSUES TO BE DECIDED

1. Should Plaintiff's claims be dismissed with prejudice on the grounds of *res judicata* because those claims were fully and finally resolved by the judgment entered by the Superior Court of the State of California for the County of San Francisco in *In re Wells Fargo & Company Auto Insurance Derivative Litigation*, No. CGC-17-561118, where the judgment is final, on the merits, and involves the same parties and substantially the same claims as those in this action?

## PRELIMINARY STATEMENT

This is a putative shareholder derivative action ("Action") asserting claims nominally on behalf of Wells Fargo against certain current and former Wells Fargo officers and directors (the "Individual Defendants") and National General Holdings Corp. and National General Insurance Company (together, "National General"). The Amended Complaint should be dismissed on the grounds of *res judicata*. Prior to the filing of this Action, on September 5, 2017, other Wells Fargo shareholders commenced a substantially similar shareholder derivative action in California Superior Court, County of San Francisco (the "State Court Action"). The parties to the State Court Action reached a settlement on June 21, 2019 resolving all claims in that case (the "State Court Settlement"), which was finally approved by Judge Teri Jackson, then of the California Superior Court, on January 15, 2020. (Declaration of Brendan P. Cullen ("Cullen Decl."), Exs. A, B.) Judgment was entered in the State Court Action that same day. (Cullen Decl., Ex. C.) Because (i) the claims in this Action are identical to claims resolved by the judgment entered in the State Court Action, (ii) the judgment in the State Court Action constitutes a final judgment on the merits, and (iii) the parties bound by the final judgment in the State Court Action and

---

[1] Counsel for Wells Fargo has communicated with counsel for each of the Individual Defendants and counsel for National General, all of whom agree with the filing of this Motion.

those in this Action are the same, the parties to this Action agree that the doctrine of *res judicata* bars Feuer's claims in the Action and jointly move the Court to dismiss the case on that ground.[2]

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

*The Instant Action.*  Plaintiff filed his initial shareholder derivative complaint in this Action on May 16, 2018 (ECF No. 1) and filed the operative Amended Complaint on June 20, 2018 (ECF No. 19 ("Am. Compl.")).  The Amended Complaint names as defendants (i) certain current and former members of Wells Fargo's Board of Directors (the "Board"), namely John D. Baker, II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Donald M. James, James H. Quigley, Federico F. Peña, Suzanne M. Vautrinot, Enrique Hernandez, Jr., Celeste A. Clark, Theodore F. Craver, Maria R. Morris, Karen B. Peetz, Juan A. Pujadas, Ronald L. Sargent, Stephen W. Sanger, Cynthia Milligan, Susan G. Swenson, Elaine L. Chao, Susan E. Engel, and Judith M. Runstad; (ii) certain former officers of the Company, namely John G. Stumpf, Timothy J. Sloan, Carrie L. Tolstedt, John R. Shrewsberry, Michael J. Loughlin, Franklin Codel, Dawn Martin Harp, and Avid Modjtabai; and (iii) National General.  (Am. Compl. ¶¶ 19-53.)  National General administered Wells Fargo's CPI program until it was discontinued in September 2016.  (*Id.* ¶¶ 1, 117.)

The Amended Complaint asserts three causes of action against the Individual Defendants based on Plaintiff's allegation that they failed adequately to oversee Wells Fargo's business in connection with the placement of CPI:  (i) breach of fiduciary duty and waste of corporate assets, (ii) breach of the duty of loyalty, and (iii) breach of the duty of candor; as well as an additional cause of action against National General for (iv) aiding and abetting the Individual Defendants' breaches of fiduciary duties.[3]

---

[2]  Wells Fargo previously moved to dismiss this action pursuant to Rule 12(b)(6) on September 7, 2018 on the ground that Plaintiff failed adequately to allege that demand was wrongfully refused. (ECF No. 54.)  The present Motion is brought based on the doctrine of *res judicata* as to Plaintiff's claims resulting from the Final Judgment entered on January 15, 2020 in the State Court Action.  The defense of *res judicata* to the claims in this Action raised in this Motion was not available at the time that Wells Fargo filed its initial Rule 12(b)(6) motion and, accordingly, this Motion is not barred by Rule 12(g)(2).

[3]  In addition to the allegations concerning the placement of CPI, the Amended Complaint also contains allegations related to the opening of customer accounts without customer knowledge or authorization (the "Sales Practices").  In light of several earlier-filed shareholder derivative actions alleging claims related to the Sales Practices that were consolidated before this Court in *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 3:16-cv-05541-JST (2016) ("Federal Sales Practices Derivative Action"), Plaintiff subsequently stipulated that the allegations in his Amended Complaint referencing the Sales Practices, including in his initial demand on the Board on December 12,

(Am. Compl. ¶¶ 219-273.)  Specifically, Plaintiff alleges that lack of oversight of the Company's activities by the Individual Defendants led to "scandalous conduct . . . manifested in . . . the unauthorized and forced placement of often times unneeded [CPI] on hundreds of thousands of the Bank's automobile financing customers." (*Id.* ¶¶ 2-4; *see also* ¶¶ 9, 60, 111-142, 219-263.)  Plaintiff further alleged that National General assisted the Individual Defendants in their alleged breach of fiduciary duties. (*Id.* ¶ 268.)

Wells Fargo moved to dismiss the Amended Complaint for failure adequately to plead wrongful demand refusal on September 7, 2018. (ECF No. 54.)  The Court heard argument on the motion to dismiss on March 7, 2019 and, on September 17, 2019, the Court administratively terminated the motion to dismiss pending a ruling by the California Superior Court on the State Court Settlement, for which the parties in the State Court Action had previously sought preliminary approval. (ECF No. 119.)

***The State Court Action.***  Approximately seven to eight months before Plaintiff filed the instant action, two other Wells Fargo shareholders, Donna Maxwell and Douglas Duran (the "State Court Plaintiffs"), filed shareholder derivative actions in the California Superior Court, County of San Francisco, arising from Wells Fargo's auto and home lending practices on September 5, 2017 and October 18, 2017, respectively.  The two actions were consolidated, and the State Court Plaintiffs filed a consolidated derivative complaint on December 11, 2017.  Wells Fargo twice demurred on the grounds of demand futility and both times the California Superior Court granted the demurrers with leave to amend.  On November 26, 2018, the State Court Plaintiffs filed a second amended complaint — the operative complaint at the time the parties entered into settlement negotiations. (Cullen Decl., Ex. D ("SAC").)  Like the Amended Complaint in the instant Action, the SAC named as defendants current and former members of the Board, including John D. Baker, II, John S. Chen, Lloyd H. Dean, Elizabeth J. Duke, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Pena,

---

2016, were "intended to provide background information only, and [that] Plaintiff . . . d[id] not base his claims for relief on allegations related to Unauthorized Sales Practices." (ECF No. 52, at 1-2.)  Plaintiff further agreed not to seek, and "expressly waive[d] his right to assert claims for any relief involving the Unauthorized Sales Practices" in the Action. (*Id.* at 2.)  Thus, Plaintiff's claims in this Action concern solely alleged misconduct related to Wells Fargo's auto lending practices and in particular CPI.

James H. Quigley, Stephen W. Sanger, Susan G. Swenson, and Suzanne Vautrinot; as well as former officers of the Company, including Franklin Codel, Dawn Martin Harp, Avid Modjtabai, Timothy J. Sloan, John G. Stumpf, and Carrie Tolstedt. (SAC ¶¶ 44-62.) The SAC also named National General Insurance Company as a defendant. (*Id.* ¶ 63.) The State Court Plaintiffs asserted claims for (i) breach of fiduciary duty against all individual defendants, (ii) unjust enrichment against all individual defendants, (iii) aiding and abetting breach of fiduciary duty against National General, and (iv) breach of fiduciary duty for insider selling against certain individual defendants. (*Id.* ¶¶ 418-442.) The State Court Plaintiffs' putative derivative claims stemmed primarily from the individual defendants' alleged lack of oversight over Wells Fargo's automobile CPI program. (*See id.* ¶ 9 ("[T]he CPI . . . issues were the result of the Board's failure to implement and maintain a system of internal controls and reporting procedures that was adequate to detect and prevent wrongdoing at the Company."); *see also*, *e.g.*, ¶¶ 1-8, 10-14, 27-29, 81-119, 312-14.)[4]

On June 21, 2019, the parties entered into the State Court Settlement and filed a motion for preliminary approval, which the court granted on July 12, 2019. Notice of the State Court Settlement was provided to shareholders (including via national wire service, the settlement website, a Form 8-K filed with the Securities and Exchange Commission, newspaper advertisements, and Wells Fargo's website's "Investor Relations" page) pursuant to California Rule of Court ("CRC") 3.769(f). The court held a final approval hearing on November 13, 2019. Prior to the hearing, Plaintiff in this Action, Feuer, intervened in the State Court Action in order to object to the proposed settlement. The court finally approved the settlement on January 15, 2020 over Feuer's objection and entered a final judgment in the action in accordance with the settlement, a final approval order, and an order regarding attorneys' fees. (Cullen Decl., Exs. B, C, and E.) Feuer noticed his appeal of the order approving the State Court Settlement on March 11, 2020. Feuer and Wells Fargo, however, subsequently reached a separate settlement agreement to resolve Feuer's appeal pursuant to which Wells Fargo agreed to pay Feuer $1.5 million in attorneys' fees, which amount reflected a portion of the savings to Wells Fargo from the reduction in fees awarded to the State Court Plaintiffs' counsel after Feuer filed his objections

---

[4] In addition to the claims related to CPI, the State Court Action contained allegations related to mortgage interest rate-lock and other home lending practices that are not at issue in the present Action.

to the State Court Settlement. (Cullen Decl., Ex. F, at 4.) The settlement agreement also acknowledged Feuer's counsel's role in reviewing and proposing revisions to the notice to shareholders in the State Court Settlement to clarify the terms of the settlement, the claims and parties to be released, and the related cases that would be affected by it. (*Id.* at 2.)

On September 10, 2020, as contemplated by the terms of his separate settlement with Wells Fargo, Feuer filed a motion seeking preliminary approval of that settlement in the California Superior Court.[5] On October 5, 2020, the Superior Court issued a tentative ruling on the motion for preliminary approval, which raised questions, in part, about "whether this is a settlement of a shareholder derivative action that requires *this Court's* approval" and noted that the motion "raises concerns as to whether this is a shareholder derivative settlement that falls within the purview of *this Court*, and whether this settlement should be filed in the Federal Derivative Case." (Cullen Decl., Ex. G, at 3.) Thus, on November 11, 2020, Feuer's counsel submitted a letter to the California Superior Court withdrawing his motion for preliminary approval. (Cullen Decl., Ex. H.) The letter explained that the Superior Court, in its tentative ruling, had "recognized that the settlement is not the settlement of a derivative suit; that suit has already been settled and the settlement has been approved by this Court" and that in "seeking preliminary approval" from the Superior Court, "Mr. Feuer sought transparency in the public record and sought the Court's review to avoid any doubt as to whether the Court's approval was needed. Mr. Feuer has now concluded that in filing the Stipulation of Settlement with the Clerk, we have accomplished the former objective and that no further review by Your Honor is necessary." (*Id.* at 1.) The letter further informed the Superior Court that "it is the parties' intention to modify the settlement agreement appropriately to no longer require the Court's approval for the settlement to become effective, and for Mr. Feuer to withdraw his appeal." (*Id.*)

Feuer and Wells Fargo thereafter entered into a revised stipulation of settlement on December 15, 2020. (Cullen Decl., Ex. I.) In the revised stipulation, Feuer "agree[d] and

---

[5] As discussed *infra*, although Wells Fargo agreed to Feuer's seeking Superior Court review of his settlement with the Company (to resolve his appeal in the State Court Action), the parties believe that the instant Action can be dismissed by this Court without the sort of review and notice to shareholders required by Fed. R. Civ. P. 23.1(c) because the Action will be dismissed on grounds of *res judicata* and has not been "settled, voluntarily dismissed, or compromised."

acknowledge[d] that once the Final Approval Order and Final Judgment are no longer subject to further appeal, they are *res judicata* as to all of [Feuer's] derivative claims" in the Action. (*Id.* at 5.) Feuer further agreed that the parties would "file a joint motion to dismiss [this Action] on grounds of *res judicata*" within 60 days of dismissing his appeal. (*Id.* at 6.) On December 17, 2020, Feuer filed a request for dismissal of his appeal. (Cullen Decl., Ex. J.) No other appeals of the judgment in the State Court Action have been filed, and the period within which such an appeal could have been brought has elapsed. *See* CRC 8.104 (unless otherwise provided by law, appeal must be noticed no more than 180 days after entry of judgment).

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint." *Mendaros* v. *JPMorgan Chase Bank, N.A.*, 2014 WL 3373447, at *3 (N.D. Cal. July 9, 2014). "The defense of *res judicata* can be raised by a Rule 12(b)(6) motion when all relevant facts are shown by the court's own records, of which the court takes notice." *Tirado* v. *U.S. Bank Nat'l Ass'n*, 2012 WL 692599, at *2 (N.D. Cal. Mar. 2, 2012); *Byrd* v. *Farnsworth, Saperstein & Seligman*, 1996 WL 721683, at *1 (N.D. Cal. Dec. 9, 1996) ("An FRCP 12(b)(6) motion may be premised on *res judicata*, if the basis for that defense can be established by public records which are properly the subject of judicial notice.").

"When determining whether a judgment by a California court has a *res judicata* effect, the Full Faith and Credit Act requires a federal court to apply the *res judicata* law of California to that judgment." *Mendaros*, 2014 WL 3373447, at *3; *Harold* v. *Wells Fargo Bank, N.A.*, 2020 WL 3867203, at 3* (N.D. Cal. May 29, 2020) (same); *Robi* v. *Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (same); *Matsushita Elec. Indus. Co., Ltd.* v. *Epstein*, 516 U.S. 367, 373 (1996) ("Federal courts . . . must accept the rules chosen by the State from which the judgment is taken" in "determining the effect of state judgments."). "Three elements must exist [under California law] for res judicata (or claim preclusion) to apply: (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Ass'n of Irritated Residents* v. *Dep't of Conservation*, 11 Cal. App. 5th 1202, 1219 (2017).

# ARGUMENT

## I. The Final Judgment in the State Court Action Bars Feuer's Claims in this Action.

***Feuer's claims are the same as those resolved by the State Court Settlement.***  To determine whether claims are the same or substantially similar for purposes of *res judicata*, California courts apply the primary rights theory, in which "the violation of a single primary right gives rise to but a single cause of action." *San Diego Police Officers' Ass'n* v. *San Diego City Employees' Retirement*, 568 F.3d 725, 734 (9th Cir. 2009); *People* v. *Silva*, 114 Cal. App. 3d 538, 550 (1981) ("[W]hether two causes of action are substantially similar is determined under the primary right theory."). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Cal Sierra Dev., Inc.* v. *George Reed, Inc.*, 14 Cal. App. 5th 663, 675 (2017); *Slater* v. *Blackwood*, 15 Cal.3d 791, 795 (1975) ("[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant."). Under California law, the prior final judgment "determines not only every issue raised in that action, but every issue that might have been raised." *Silva*, 114 Cal. App. 3d at 550 (emphasis in original); *Safeco Ins. Co.* v. *Tholen*, 117 Cal. App. 3d 685, 697 (1981) ("[I]f the matter was within the scope of the prior action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the prior judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.") (emphasis in original).

Here, the instant Action and the State Court Action involve the same primary right because plaintiffs in both actions sought to recover for the harm Wells Fargo allegedly sustained as a result of the same alleged failures of oversight by the individual defendants, who allegedly owed fiduciary duties of care and loyalty to the Company and shareholders. Specifically, as noted above, Plaintiff and the State Court Plaintiffs all alleged that the individual defendants' purportedly inadequate oversight led to wrongdoing in the auto lending business, in particular the improper placement of CPI on customers who already had adequate insurance. (*See*, *e.g.*, SAC ¶¶ 66, 421 (alleging that the Board knew of "'red flags' regarding the CPI issues and fail[ed] to exercise adequate oversight of risk management and internal controls" and that Wells Fargo suffered financial and reputational harm due to these issues); Am.

Compl. ¶¶ 135-38, 239 (asserting that "lack of oversight of the Company's business" by the Board led to "frauds directed to its auto insurance customers," including improper placement of CPI, which caused "substantial damages, both reputational and financial" to Wells Fargo).)  In other words, both actions concern Wells Fargo's "primary right" to have its directors and officers act with due care, and in the best interests of the Company, in handling the Company's affairs, including specifically with respect to the auto lending business and the placement of insurance policies on customers of that business.  Plaintiffs alleged that the individual defendants failed to oversee Wells Fargo's auto lending practices in dereliction of these duties, at significant cost to the Company.[6]  *See Alpha Mech., Heating & Air Conditioning, Inc.* v. *Travelers Cas. & Sur. Co. of Am.*, 133 Cal. App. 4th 1319, 1332 (2005) (*res judicata* barred claims in second proceeding where in both proceedings "RAS's primary right was its right to competent performance by Alpha, Alpha's primary duty was to competently perform under the contract, and Alpha's wrong was its negligent or wrongful performance, assertedly resulting in property damages.").

***The privity element is satisfied because the parties are the same in both actions.***  In order for the doctrine of *res judicata* to apply, the parties in the Action must also have been parties (or in privity with parties) to the State Court Action.  *Ass'n of Irritated Residents*, 11 Cal. App. 5th at 1219.  Here, although the specific shareholder derivative plaintiffs in the two actions are different, because these are shareholder derivative cases, the real plaintiff in both actions is Wells Fargo.  *See Scarbourough* v.

---

[6] Although not central to either case, both actions also referenced the same other alleged improprieties in the auto lending division related to GAP refunds. (*See* Am. Compl. ¶¶ 143-47; SAC ¶¶ 78, 80, 242.) In addition, both actions alleged that the individual defendants breached their fiduciary duties by making false statements related to the efficacy of internal controls and the misconduct alleged in the complaints, including in proxy statements. (*See, e.g.*, Am. Compl. ¶ 164 ("The Individual Defendants made materially false statements about Wells Fargo's risk management processes and internal controls . . . [and] falsely stat[ed] that the financial statements and information [in securities filings] fairly present[ed] the financial condition of the Company."); ¶ 172 ("[T]he Individual Defendants were not transparent about the problems at the Company [in the 2016 and 2017 Proxy Statements] and continued to conceal widespread wrongdoing such as the forced placed auto insurance scandal."); SAC ¶ 259 ("Defendants' representations concerning Wells Fargo's internal and disclosure controls . . . were false or misleading.  Among other things, Wells Fargo's reported metrics and financial results derived from the Company's automobile and mortgage loan businesses were false or misleading, as a result of the unlawful conduct alleged herein."); ¶ 260 ("[T]he Director Defendants (and the Officer Defendants) violated their fiduciary duties of disclosure.  Specifically, Defendants knew of the improper auto and mortgage lending practices well before 2016, at the latest."); ¶¶ 227-232 (alleging "feigned success of . . . corporate governance structures" as reflected in proxy statements).)

*Briggs*, 81 Cal. App. 2d 161, 166 (1947) ("The present action is concededly brought by plaintiffs, not individually but as shareholders . . . as a derivative or representative action . . . . The corporation, being the ultimate beneficiary of such a suit, is the real party plaintiff, and the particular stockholders who bring the action are mere nominal parties."); *Koch* v. *Ironwood Country Club*, 2002 WL 1965466, at *5 (Cal. Super. Aug. 26, 2002) (privity element of *res judicata* satisfied as to two derivative actions brought by different shareholders because "the real party in interest [was] the same in both actions: [the corporation]")[7]; *In re Facebook, Inc. Shareholder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019) ("Because this is a derivative action, the real party in interest is the corporation, and the shareholder plaintiff is 'at best the nominal plaintiff.'"). In any event, "shareholders of a corporation are in privity with it and, in the absence of fraud, are bound by all judgments rendered against the corporation." *Briggs*, 81 Cal. App. 2d at 166; *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 938-39 (E.D. Cal. 2017) ("'[T]he prevailing rule is that the shareholder in a derivative suit represents the corporation,' and 'if the shareholder can sue on the corporation's behalf, it follows that the corporation is bound by the results of the suit in subsequent litigation, even if different shareholders prosecute the suits.'") (quoting *In re Sonus Networks, Inc., Shareholder Derivative Litig.*, 499 F.3d 47, 64 (1st Cir. 2007)).

The defendants in the two actions are likewise the same. In addition to the overlap between the named defendants in the Amended Complaint and the SAC, all of the defendants named in the Amended Complaint were expressly named as parties and released in the final approval order and judgment entered by the California Superior Court. (*See* Cullen Decl., Ex. A, at ¶¶ 7, 18, 21, 25, 27 (State Court Settlement defining "Released Parties" to mean, among others, "(i) the Director Defendants; (ii) the Officer Defendants," where the "Director Defendants" and "Officer Defendants" are further defined to include all individual defendants in the Amended Complaint; and "(iii) National General" which is defined to include National General Insurance Company's parent company, which is National General

---

[7] Federal courts in the Ninth Circuit "may consider unpublished state decisions, even though such opinions have no precedential value." *Employers Ins. of Wausau* v. *Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); *Beeman* v. *Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 n.2 (9th Cir. 2012) (relying on certain unpublished California state court decisions despite California Rule of Court prohibiting citation of or reliance on such opinions).

1  Holdings Corp.); Ex. B, at ¶ 9 (final approval order stating, "Plaintiffs, Wells Fargo . . . and by operation
2  of law Wells Fargo's shareholders, shall be deemed to have, and by operation of this Judgment shall
3  have, finally, fully, and forever released . . . each and all of the Released Parties from and with respect to
4  any and all of the Released Claims," as defined in the settlement stipulation); Ex. C (judgment
5  incorporating final approval order). *See also Knowles* v. *Tehachapi Valley Hospital Dist.*, 49 Cal. App.
6  4th 1083, 1090 (1996) ("In th[e] . . . case of multiple defendants . . . the most important question is, who
7  are the parties or their privys who are *bound by the judgment*?") (emphasis added).

8      ***The State Court Action resulted in a final judgment on the merits.*** The third element of *res*
9  *judicata* — finality — requires a showing that the "the prior proceeding resulted in a final judgment on
10 the merits." *Boeken* v. *Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). A judgment entered in
11 accordance with a shareholder derivative settlement (like the judgment entered in the State Court
12 Action) constitutes a judgment on the merits. *See Goldman* v. *Northrop Corp.*, 603 F.2d 106, 109 (9th
13 Cir. 1979) ("*Res judicata* applies to the settlement of a derivative action."); *Lloyd* v. *Gupta*, 2016 WL
14 3951652, at *4 (N.D. Cal. July 22, 2016) ("[T]he settlement or dismissal of a derivative action will be
15 accorded *res judicata* effect if another shareholder or limited partner should attempt to bring a similar
16 derivative action on behalf of the same entity, asserting the same claim."); *Gagnon Co.* v. *Nevada*
17 *Desert Inn*, 45 Cal. 2d 448, 453 (1955) (a judgment on the merits in a derivative action is "*res judicata*
18 in [a subsequent] action by the stockholders on behalf of the corporation for the same wrong"); *Citizens*
19 *for Open Access to Sand and Tide, Inc.* v. *Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)
20 (settlement agreement "as incorporated into the judgments" in other actions "me[t] the . . . requirement
21 of *res judicata* that there was a final decision on the merits" because, under California law, "[a]
22 judgment entered by consent or stipulation is as conclusive a bar as a judgment rendered after trial.");
23 *Gates* v. *Superior Court*, 178 Cal. App. 3d 301, 311 (1986) ("The compromise settlement of the lawsuit
24 and entry of the consent judgment must be given a *res judicata* effect in a subsequent action, barring not
25 only the reopening of the original controversy, but also subsequent litigation of all issues which were or
26 could have been raised in the original suit.").

27     With respect to when a judgment on the merits is deemed "final," California law provides that a
28 judgment "is not final for purposes of *res judicata* during the pendency of and until the resolution of

[any] appeal[s]." *The Inland Oversight Comm.* v. *City of San Bernardino*, 27 Cal. App. 5th 771, 780 (2018).  The judgment in the State Court Action, which was entered over a year ago on January 15, 2020, is final under California law.  (Cullen Decl., Ex. C.)  Feuer dismissed his appeal as a condition of his settlement with Wells Fargo (Cullen Decl., Ex. J), no other appeals of the judgment were filed, and the period during which an appeal could have been brought to challenge the judgment has expired.  *See* CRC 8.104 (time to bring appeal is 60 days after service of "Notice of Entry" of judgment on the appealing party by the clerk or opposing party or, if no such document is served, 180 days after the judgment).  The judgment in the State Court Action is therefore a final judgment on the merits for purposes of *res judicata*.

## II. Federal Rule of Civil Procedure 23.1(c) is Not Implicated by this Motion.

The Court may grant the relief sought in the Motion irrespective of Fed. R. Civ. P. 23.1(c) because Wells Fargo is seeking dismissal based on the *res judicata* effect of a judgment entered by the Superior Court in the State Court Action, which judgment became final following the settlement of Feuer's appeal of the Superior Court's final approval of the settlement there – *not* because of a settlement of this Action.  In other words, this Action is not being "settled, voluntarily dismissed, or compromised" so as to trigger the review and notice requirements of Fed. R. Civ. P. 23.1(c).  Wells Fargo's agreement to Feuer's seeking Superior Court review of his settlement with Wells Fargo does not change the analysis.  Wells Fargo agreed to Feuer's seeking court review not because such review was required under state law (California law having no equivalent requirement to Fed. R. Civ. P. 23(e)(5)(B)), but rather because Wells Fargo believed it would be prudent to make the settlement public to avoid any questions about transparency.  (*See* Federal Sales Practices Action, ECF No. 338.)  Had Feuer and Wells Fargo not entered into a settlement to resolve his appeal in the State Court Action, so long as the final approval order and judgment had been affirmed on appeal and the State Court Settlement had thus become final, the judgment in the State Court Action would have had *res judicata* effect on this Action, and no separate notice to shareholders or court approval would have been required to dismiss this Action under Fed. R. Civ. P. 12(b)(6).

# **CONCLUSION**

For the foregoing reasons, the Court should grant the parties' joint motion to dismiss this action on the grounds of *res judicata*, with prejudice.

DATED: February 22, 2021

Respectfully submitted,

 */s/ Brendan P. Cullen*
Richard H. Klapper (*pro hac vice* forthcoming)
(klapperr@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone:    (212) 558-3555
Facsimile:    (212) 291-9083

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
Sverker K. Hogberg (SBN 244640)
(hogbergs@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California  94303-3308
Telephone:    (650) 461-5600
Facsimile:    (650) 461-5700

Christopher M. Viapiano (*pro hac vice* forthcoming)
(viapianoc@sullcrom.com)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone:    (202) 956-6985
Facsimile:    (202) 956-7056

*Counsel for Nominal Defendant*
*Wells Fargo & Company*

DATED: February 22, 2021

*/s/ Walter W. Gouldsbury III*
Walter W. Gouldsbury III
wgouldsberry@ciardilaw.com
Gary B. Elmer
gelmer@ciardilaw.com
CIARDI CIARDI & ASTIN
600 B Street, Suite 300
San Diego, CA 92101
Telephone:    (619) 270-8811

*Counsel for Plaintiff R.A. Feuer*

**Attestation Pursuant to Local Rule 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: February 22, 2021

*/s/ Brendan P. Cullen*
Brendan P. Cullen