UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.A. FEUER,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN D. BAKER, et al.,<br><br>   Defendants. | Case No. 18-cv-02866-JST<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: ECF No. 137 |

Before the Court is a joint motion to dismiss with prejudice the amended complaint on the grounds of res judicata filed by Nominal Defendant Wells Fargo & Company ("Wells Fargo") and Plaintiff R.A. Feuer (collectively, "the parties"). ECF No. 137. A response to the joint motion has been filed by the Fire & Police Pension Association of Colorado and the City of Birmingham Retirement and Relief System (the "Sales Practices Plaintiffs"). ECF No. 140. The Sales Practices Plaintiffs "agree this case is now barred by *res judicata* due to the final judgment entered in the related State CPI Action," but they (1) argue that Feuer is "attempt[ing] to circumvent the requirements of Federal Rule of Civil Procedure 23.1" and (2) "move to disgorge Feuer and his counsel of the $1.5 million payment they obtained" through their settlement in the state court action. *Id.* at 4. Wells Fargo and Feuer each filed a reply, ECF Nos. 144, 145, and the Court held a hearing on April 8, 2021, ECF No. 159. The Court now grants the motion to dismiss.

No party disputes, and the Court confirms, that this action is barred by res judicata due to the derivative action settlement approved by the Superior Court of the State of California for the County of San Francisco and the subsequent final judgment entered by that court. *See In re Wells Fargo & Company Auto Insurance Derivative Litigation*, No. CGC-17-561118; ECF No. 137-1 at

103-05.[1] Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). When determining whether a judgment by a California court has a res judicata effect, the Full Faith and Credit Act requires a federal court to apply the res judicata law of California to that judgment. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (holding that the Full Faith and Credit Act "requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state").

In California, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). "If claim preclusion is established, it operates to bar relitigation of the claim altogether." *Id.* All three requirements of res judicata are satisfied here. Both this action and the parallel state court action involved shareholders of Wells Fargo alleging that "inadequate oversight" of the same defendants "led to wrongdoing in the auto lending business, in particular the improper placement of CPI on customers who already had adequate insurance." ECF No. 37 at 14; *see also id.* at 14-17. And the judgment in the state court action is final under California law as "the period during which an appeal could have been brought to challenge the judgment has expired," and no appeal remains pending. *Id.* at 18. This action is therefore barred.

The Court next considers whether Federal Rule of Civil Procedure 23.1 is implicated here. Federal Rule of Civil Procedure 23.1(c) requires that "[a] derivative action . . . be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Rule 23.1 does not apply because this action was not settled,

---

[1] Wells Fargo requests the Court take judicial notice of several "court filings[,] the accuracy of which is not reasonably subject to dispute," including the final judgment entered in the state court action. ECF No. 137-5 at 2. The Court grants this unopposed request. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

voluntarily dismissed, or compromised.² The settlement that Sales Practices Plaintiffs take issue with is a settlement between Feuer and Wells Fargo in the parallel state court action. The consequences of that settlement were (1) the resolution of Feuer's appeal of the state court's final approval of the derivative action settlement reached in that case and (2) Feuer's agreement not to dispute the res judicata effect of that settlement on this action. *See* ECF No. 140 at 9. However, as the Sales Practices Plaintiffs agree, *id.* at 4, this action is barred by res judicata. The Sales Practice Plaintiffs argue that the motion to dismiss is tantamount to a settlement, but that it would not be so if it were opposed. Because any argument that Feuer could have raised against the dismissal of this action would have been fruitless, however, his agreement not to object does not amount to a "voluntary dismissal" or "compromise." The Court holds that Rule 23.1 is not implicated here.

Finally, the Court turns to the role of the Sales Practices Plaintiffs in this action. They are listed on the docket as "interested" parties, and the only other filing they have participated in was the 2018 stipulation that clarified that this action would not involve any claims regarding the unauthorized sales practices asserted in the related case in which the Sales Practices Plaintiffs are the lead plaintiffs. ECF No. 52. In their response to the parties' joint motion to dismiss, the Sales Practices Plaintiffs do not claim to have the status of objectors or otherwise explain their role in this litigation. They also cite no rule or case to support their authority either to seek relief in this action or to file a response to the parties' joint motion to dismiss. Instead, they attempt to explain their filing as responding to the motion "in their capacity as Wells Fargo shareholders and Court-appointed co-lead plaintiffs in the related action, *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 4:16-cv-05541-JST (N.D. Cal.)." ECF No. 140 at 4. The Court is not aware how Sales Practices Plaintiffs' role in a related but separate action justifies their request for relief in this case.

The Court declines to consider the Sales Practices Plaintiffs' arguments regarding disgorgement due to, among other considerations, the procedural posture of this case.

---

² The Court further notes that without a settlement of this action, there appears to be no role for objectors to play here.

3

While the Court maintains its previously-expressed concerns about side payments received for the purpose of withdrawing objections, it again concludes that it would likely be more appropriate for the Sales Practices Plaintiffs to raise their concerns regarding the settlement between Feuer and Wells Fargo in the state court. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 16-cv-05541, --- F.Supp.3d ---, 2021 WL 926706, at *6 (N.D. Cal. Mar. 4, 2021); *see also* ECF No. 140 at 15 n.19.

The Clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated:  April 22, 2021



JON S. TIGAR
United States District Judge